CoStar Realty Information, Inc. et al v. Atkinson Hunt et al — Doc. 2

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 MAR 13 P 12: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, 2 Bethesda Metro Center, 10th Floor Bethesda, Maryland 20814, <br><br> and <br><br> CoSTAR GROUP, INC., a Delaware Corporation, 2 Bethesda Metro Center, 10th Floor Bethesda, Maryland 20814, <br><br> Plaintiffs, <br><br> v. <br><br> ATKINSON HUNT, a New Jersey Corporation, 4300 Haddonfield Road Pennsauken, NJ 08109 <br><br> and <br><br> RESOURCE REALTY OF SOUTHERN NEW JERSEY, a New Jersey Corporation, 124 East Camden Avenue Moorestown, New Jersey 08057 <br><br> Defendants. | PJM 06CV0655 <br><br> Case No. _____ |

## COMPLAINT

Plaintiff CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation, (collectively "CoStar") for their Complaint against Defendants Atkinson Hunt ("ATKINSON HUNT") and Resource Realty of Southern New Jersey ("RESOURCE REALTY") alleges as follows:

Dockets.Justia.com

## PARTIES

1. CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, MD 20814-5388.

2. CoStar Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 2 Bethesda Metro Center, 10th Floor, Bethesda, MD 20814-5388.

3. Defendant Atkinson Hunt is a New Jersey corporation, with its principal place of business located at 4300 Haddonfield Road, Pennsauken, NJ 08057.

4. Defendant Resource Realty of Southern New Jersey is a New Jersey corporation, with its principal place of business located at 124 East Camden Avenue, Moorestown, NJ 08057.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over CoStar's claims for unauthorized access to computers and related claims pursuant to 18 U.S.C. § 1030 and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over CoStar's claims arising under the laws of the State of Maryland and New Jersey pursuant to 28 U.S.C. § 1367(a) because these claims are so related to CoStar's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. This action also invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332 in that this is a controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Personal jurisdiction over Resource Realty is proper in this state because Resource Realty has, by written contract, consented to the jurisdiction of this Court and has

committed the tortious and other actionable acts alleged herein with foreseeable consequences in this State.

9.  Personal jurisdiction over Atkinson Hunt is proper in this State because Atkinson Hunt: (a) has committed the tortious and other actionable acts alleged herein with foreseeable consequences in this State, (b) by agreeing to the Terms of Use for the www.costar.com website has consented to the jurisdiction of this Court, and (c) has repeatedly directed electronic activity and interacted with CoStar's computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

## BACKGROUND

11. Resource Realty is a commercial real estate brokerage firm. An individual named James R. Davis is the President and sole owner of Resource Realty.

12. Atkinson Hunt is a marketing company. An individual named David R. Atkinson is the President of Atkinson Hunt. David R. Atkinson is the owner of all or a portion of Atkinson Hunt.

13. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information services available. CoStar currently employs hundreds of trained research professionals who, along with a field research force utilizing specially equipped field research vehicles, canvass the country building information, analysis and photographs for integration into CoStar's services.

CoStar employs approximately 550 people in Maryland alone, where it has centralized research centers in Columbia and Bethesda, Maryland.

14. The information and photographs in CoStar's database services are not part of a repository of information generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's information licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, match buyers to properties for sale, find tenants, research brokers, locate market-related information, and value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's information in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

15. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users ("Authorized Users"). Interested members of the general public can become authorized users either (a) by registering and entering into an online agreement for access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

16. Access to CoStar's subscription information services and their associated databases is limited to those Authorized Users, who gain authorization pursuant to written license agreements that limit their access and use of CoStar's databases to specific numbers of designated, licensed users and specific licensed sites.

17. Once a party executes a license agreement with CoStar, each of its Authorized Users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services, within the terms of the user's specific license. An Authorized User must input a valid user identification and password at the "Customer Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed. During the relevant period through July 2005, the Customer Login Area was called the "Subscriber Login Area" and it contained prominent notices advising the user on each occasion of their use: "By logging in you are agreeing to CoStar's terms of use." and "Access restricted to licensed users. Sharing of passwords is prohibited."

18. The Authorized User must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at periodic intervals thereafter. Furthermore, a warning appears at the bottom of the homepage that reads: "By using this site, you agree to our Terms of Use." Here too, by clicking on the underlined phrase, the user can view the terms of use.

19. The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time. These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site. **They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.** If you do not agree to the Terms of Use, or if you do not

have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

20. In addition, the Terms of Use specifically note that portions of the website are available only to individuals or entities who enter into a written license agreement with CoStar and who, as specified in the Terms of Use and the associated written license agreement are Authorized Users.

21. Under the header "Prohibited Uses," the Terms of Use provide that you shall not access any portion of the databases unless you are an Authorized User for such databases using the passcodes assigned to you by CoStar to access the components and services of the databases that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use.

22. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

23. Finally, the Terms of Use provide that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use."

## EVENTS GIVING RISE TO THE LAWSUIT

24. Resource Realty signed a five-user License Agreement with CoStar in August 2004 (the "CoStar-Resource License Agreement") for access to the CoStar Property Professional® and CoStar COMPS Professional® commercial real estate information databases and related software.

25. CoStar mailed a copy of the CoStar-Resource License Agreement to Resource Realty, which subsequently used and paid license fees for the CoStar database services licensed thereunder.

26. Under Sections 1, 2, 3, 12 and 13 of the CoStar-Resource License Agreement, Resource Realty agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar information services to others, (c) not to share with others the Resource Realty-specific user IDs and passwords CoStar provided, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar-Resource License Agreement or by express written consent of CoStar.

27. In violation of those provisions and other provisions in the CoStar-Resource License Agreement, Resource Realty distributed to Atkinson Hunt the user name, password and electronic key token device assigned to the Resource Realty Authorized User named Lawrence "Hacker" Wilson (the "Hacker Wilson CoStar Passcodes").

28. Upon information and belief, David Atkinson of Atkinson Hunt agreed to pay and actually did pay James Davis of Resource Realty for access to the CoStar information services licensed to Resource Realty.

29. Atkinson Hunt used the Hacker Wilson CoStar Passcodes to access the CoStar commercial real estate information subscription services licensed to Resource Realty. Atkinson Hunt did so from its office at 4300 Haddonfield Road in Pennsauken, NJ.

30. While accessing the CoStar subscription services licensed to Resource Realty, Atkinson Hunt exported large portions of content from one or both of the licensed CoStar database services and loaded some or all of such content into one or more of its internal

databases, or internal software, for storage and later retrieval and use by Atkinson Hunt or others. Atkinson Hunt used, and may be continuing to use, the content it obtained from the CoStar database(s) for its own commercial purposes, including, upon information and belief, supplying such content to its paying clients

31. As an entity that previously engaged in licensing discussions with CoStar, but was denied a license, Atkinson Hunt was aware at all relevant times that access to and use of CoStar's subscription information services is limited to authorized users pursuant to the terms of written license agreements. Moreover, the Subscriber Login area and accompanying online Terms of Use found at www.costar.com served as a continual reminder for Atkinson Hunt that it was not authorized to access and use CoStar's databases.

32. After its systems detected extraordinarily high exporting associated with use of the Hacker Wilson CoStar Passcodes, CoStar approached Resource Realty, initially via email and later by telephone and then letter, in order to inquire about what was happening and to reinforce the terms of the CoStar-Resource License Agreement.

33. In response to CoStar's inquiry, Resource Realty provided inaccurate and misleading responses to CoStar that concealed Atkinson Hunt's involvement and the nature of the activity in question.

34. CoStar also engaged in communications with Atkinson Hunt that confirmed that CoStar's rights had been violated and that Resource Realty and Atkinson Hunt had failed to cure the improper activity and remedy its consequences.

35. Despite CoStar's requests, on information and belief, Atkinson Hunt has refused to destroy the information that it took from the CoStar database services licensed to Resource Realty and Atkinson Hunt, on information and belief, has refused to confirm for CoStar that it

has ceased accessing or using any CoStar database services without authorization from CoStar. Resource Realty has failed to provide CoStar with adequate assurance as to the cessation of its violations.

36. In addition to the foregoing, CoStar very recently received an anonymous report describing wrongdoing with respect to the CoStar service by Defendants Resource Realty and Atkinson Hunt.

## COUNT I
## BREACH OF CONTRACT BY DEFENDANTS

37. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 of the Complaint.

38. The License Agreement between and Resource Realty and CoStar is a valid contract.

39. Resource Realty breached the CoStar-Resource Realty License Agreement by failing to meet its financial obligations under the license agreement and, at least by: (a) providing third parties with access to or use of the CoStar database service, (b) sub-licensing or reselling CoStar information services to others, (c) sharing with others the Resource Realty-specific user IDs and passwords CoStar provided, and (d) storing, copying or exporting any portion of the licensed CoStar database service into any database or other software program, without permission or consent of CoStar.

40. By accessing CoStar's Internet website and using the Hacker Wilson CoStar Passcodes to log into the CoStar databases licensed to Resource Realty, Atkinson Hunt agreed to be bound by the terms of use. Such terms of use agreement is a valid contract, which Atkinson Hunt breached by, *inter alia*, accessing and using the CoStar databases without authorization from CoStar.

41. As a result of Defendants' various breaches, CoStar's subscription-only services have been accessed and used by an unauthorized entity from an unauthorized site for unauthorized purposes.

42. CoStar has been injured by Defendants' breaches as described above. Some of CoStar's injury as a result of Defendants' breaches resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable.

## COUNT II
## FRAUD BY DEFENDANTS

43. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 42 of the Complaint.

44. As alleged above, when Atkinson Hunt accessed the password-protected portions of the database, Atkinson Hunt intentionally accessed a protected computer without authorization. Atkinson Hunt made its unauthorized access by fraud and deceit, namely, by using the Hacker Wilson CoStar Passcodes and otherwise posing as an authorized user of the database.

45. Atkinson Hunt has been unjustly enriched as a result of its unauthorized access. To the extent that Atkinson Hunt provided any consideration, compensation, services, or reimbursement to Resource Realty, Resource Realty has also been unjustly enriched.

46. As alleged above, in the fall of 2004 and early 2005, Resource Realty made inaccurate and misleading statements to CoStar in order to conceal Atkinson Hunt's involvement and the other breaches at issue. CoStar relied on such representations.

47. Defendants' conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses and irreparable injury, in amounts not yet

ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT III
## VIOLATION BY ATKINSON HUNT OF § 18 U.S.C. 1030: FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

48. CoStar realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 47 of the Complaint.

49. The computer system on which CoStar's databases reside is a computer used in interstate commerce or communication, and is thus a protected computer under 18 U.S.C. § 1030.

50. When Atkinson Hunt accessed the password-protected portions of the CoStar Internet website, Atkinson Hunt intentionally accessed a protected computer without authorization.

51. Atkinson Hunt's unauthorized access of a protected computer has caused damage to CoStar that has amounted in an aggregated loss of over $5,000 during a one-year period.

52. Atkinson Hunt's conduct has harmed and will continue to harm CoStar. As a result, CoStar has suffered and will continue to suffer losses, damages, and irreparable injury, in amounts not yet ascertained. CoStar's remedy at law is not itself adequate to compensate it for injuries inflicted by Atkinson Hunt. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE BUSINESS RELATIONSHIP BY ATKINSON HUNT

53. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 52 of the Complaint.

54. On information and belief, Atkinson Hunt was and is aware of the existence of the CoStar-Resource Realty License Agreement, including the requirement that only certain designated individuals that work for the named licensee at the licensed site may be authorized users.

55. Atkinson Hunt intentionally, maliciously and unjustifiably induced Resource Realty to disregard the prohibitions of the License Agreement and to provide Atkinson Hunt with access to CoStar's subscription information services by providing the Hacker Wilson CoStar Passcodes to Atkinson Hunt in violation of the License Agreement.

56. CoStar has been damaged as a result of Resource Realty's breach.

57. Atkinson Hunt has used, and upon information and belief is still using, information prepared by CoStar's research professionals at great effort and expense in order to solicit and service vendor clients, such as roofing and janitorial companies, who can forego signing up for their own CoStar subscriptions if Atkinson Hunt can access and use the information from CoStar on their behalf.

58. Atkinson Hunt's interference was willful and wanton and/or in reckless disregard of CoStar's rights and has damaged CoStar.

59. Atkinson Hunt has been unjustly enriched by its interference.

### COUNT V
### NEW JERSEY STATE CODE SECTION 2A:38A-3
### COMPUTER RELATED OFFENSES BY ATKINSON HUNT

60. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 60 of the Complaint.

61. Through engaging in the foregoing acts, Atkinson Hunt has purposefully or knowingly (i) engaged in an unauthorized taking of data or a database existing internally or

externally to a computer, computer system or computer network, (ii) made unauthorized access to a computer, computer system or computer network, and (iii) accessed and recklessly obtained data or a database.

62. As a result of Atkinson Hunt's actions, CoStar has suffered damage or loss and Atkinson Hunt has been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, CoStar asks that this Court:

(1) Grant a preliminary and permanent injunction restraining and enjoining Defendants and any of their principals, officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, from:

    (a) making any unauthorized access to CoStar's databases;

    (b) making any unauthorized use or distribution of CoStar's databases or any portions taken therefrom;

    (c) interfering with CoStar's current or prospective contracts pertaining to use and access of CoStar's databases; and

    (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above;

(2) Grant a preliminary and permanent injunction requiring Defendants to permanently delete or destroy all portions of any CoStar database service within their possession, custody or control, regardless whether in print or electronic format, including, but not limited to, by purging any such content from any internal databases or software, and to provide written certification to CoStar that such action has been taken.

(3) Enter judgment against Defendants and in favor of CoStar for disgorgement of any amounts by which they were unjustly enriched;

(4) Enter judgment against Defendants and in favor of CoStar for compensatory damages;

(5) Enter judgment against Defendants and in favor of CoStar for punitive damages;

(6) Enter judgment against Defendants and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7) Grant CoStar such other and further relief as is just.

Respectfully submitted,

*[signature]*

Hugh J. Marbury (Fed. Bar No. 24653)

DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

Keith W. Medansky
Alan S. Dalinka

DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
312-368-4000
312-236-7516 (facsimile)

Attorneys for CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, and CoSTAR GROUP, INC., a Delaware Corporation, Plaintiffs

March 13, 2006