IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

COSTAR REALTY INFORMATION and
COSTAR GROUP, INC.,

    Plaintiffs,

v.

ATKINSON-HUNT, *et al.*

    Defendants.

Civil Action No. PJM 06 CV 0655

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submits this Memorandum in Opposition to the Motion to Dismiss or, in the Alternative, Transfer filed by Defendant Resource Realty and Property Evaluations, Inc. ("Resource Realty").

**Introduction**

Resource Realty's motion should be denied. While Resource Realty raises four main arguments in its motion, as explained more fully below, none of those arguments support dismissing or transferring this action. To the contrary:

- Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts alleged in the Complaint more than adequately assert a claim for breach of contract against Resource Realty;

- There are ample grounds for properly asserting personal jurisdiction over Resource Realty, a business that repeatedly *agreed* to jurisdiction in this District by entering into agreements with CoStar and, in fact, actively accessed CoStar service in this District;

- Under Rule 9, the facts alleged in the Complaint are sufficiently particular to place Resource Realty on notice of the details of the fraudulent conduct alleged; and

- Venue is proper and most appropriate in this District *both* pursuant to the *agreement* of the parties, as well as the facts that may be considered under 28 U.S.C. §1404.

## Background[1]

Headquartered in Maryland, CoStar is a leading, national, commercial real estate information services provider. (Complaint ("Compl.") ¶¶1, 2 & 13). The case at bar arises out of Defendants' unauthorized use of CoStar's services, fraudulent representations and contract violations.

CoStar's suite of proprietary, web-accessed information services help commercial real estate professionals, such as brokers, owners, lenders, appraisers, and REITs, to understand market conditions and identify and evaluate specific opportunities. (Compl. ¶¶13-14). CoStar invests enormous effort and expense in building and maintaining its services, employing a research force of several hundred individuals located in Maryland alone. (*Id.*) CoStar licenses its products to businesses pursuant to written license agreements, for use by a designated number of individuals that work for each such business at a site designated in the CoStar license agreement. (Compl. ¶¶14-21). The CoStar license agreements prohibit password sharing of any kind and set forth certain permitted and prohibited uses of the CoStar service and the content obtained therefrom. (*Id.* (particularly ¶¶ 17, 26)).

CoStar declined to license its services to Defendant Atkinson Hunt. (Compl. ¶ 31). Unfortunately, however, an existing CoStar subscriber - Resource Realty - provided Defendant Atkinson Hunt with illicit access to, and use of, the CoStar service. (Compl. ¶¶ 24-29). Defendant Atkinson Hunt had no right to access CoStar's computer servers to use the proprietary CoStar service, let alone for

---

[1] The facts set forth in this Background section are drawn solely from the Complaint, as is proper for purposes of the portion of Resource Realty's motion arising under Rules 12(b)(6) and 9. At appropriate points in this Memorandum, additional facts relevant to personal jurisdiction and venue are taken from the declaration of Scott Zebrak submitted herewith.

2

purposes prohibited under the standard CoStar license. (Compl. ¶¶ 24-31). Nor did Resource Realty have any right to provide Defendant Atkinson Hunt with such access or to make false and misleading statements afterwards to conceal Atkinson's use and misuse of the CoStar service from CoStar. (*Id.*)

### Argument

Resource Realty agreed on several occasions to litigate disputes relating to its use of CoStar services in this Court. Resource Realty first agreed to litigate in this forum when it signed a written license agreement with CoStar, was provided with a counter-signed copy of the license agreement, paid license fees, and repeatedly accessed and used the CoStar service. (Compl. ¶¶ 8, 15-17, 20-26). Resource Realty *again* agreed to litigate in this forum by agreeing to CoStar's online "Terms of Use" each time it accessed and used CoStar's online services. (Compl. ¶¶ 17-23). In addition to Resource Realty's voluntary agreement to litigate here, this Court has personal jurisdiction – and venue is proper – based upon Resource Realty's activities in this state, including directing fraudulent statements to CoStar in Bethesda and enabling illicit logins through CoStar's computer servers in Maryland, and based on the injury that Resource Realty caused CoStar to suffer in Maryland. (Compl. ¶¶ 8, 9, 33-34, 46-47). Finally, CoStar has properly pled its breach of contract and frauds claims, and a change of venue is unwarranted.

### I. CoStar States A Claim For Breach Of Contract.

Defendant seeks dismissal of CoStar's breach of contract claim under Rule 12(b)(6), claiming there was not a meeting of the minds between the parties on the terms of the contract. This argument fails on both procedural and substantive grounds.

It is axiomatic that, for purposes of a Rule 12(b)(6) motion, all allegations in the Complaint are deemed true and all contravening allegations are deemed untrue. Indeed, Resource Realty must show

beyond doubt that CoStar can allege no set of facts entitling it to relief. *Edge Partners, L.P. v. Dockser*, 944 F. Supp. 438, 440 (D. Md. 1996). Matters outside the pleadings are not properly considered on a motion to dismiss. *Jordan v. Wash. Mut. Bank*, 211 F. Supp. 2d 670 (D. Md. 2005). Thus, for considering this portion of Resource Realty's motion, only the Complaint need be considered and its other arguments and submissions ignored.

When applying the proper standard under Rule 12(b)(6), it is clear that CoStar's allegations in the Complaint amount to a cognizable claim that the parties had a valid written contract, the terms of which were breached by Resource Realty resulting in damages. (Compl. ¶¶ 38-42). Each of the necessary elements is alleged in the Complaint. Resource Realty's submission of the Certification of James R. Davis to contravene the allegations of the Complaint is improper under Rule 12(b)(6). Resource Realty makes no other argument in a Rule 12(b)(6) sense, so the motion to dismiss the breach of contract claim must be denied. To the extent that Resource Realty is asking this Court to convert the instant motion into a Rule 56 motion and to consider matters outside the pleadings, that too should be denied as premature.

## II. This Court Has Personal Jurisdiction.

Resource Realty's argument that the Court lacks personal jurisdiction over it fails on the facts. Following directly from the contract claim discussion above, it is clear in this case that in every agreement between CoStar and Resource Realty, there is a choice of forum and venue provision calling for this case to be brought in this District. Likewise, given all of Resource Realty's actions directed toward CoStar in this District, there can be no conclusion other than that Resource Realty purposefully directed itself and its conduct toward this District.

4

As discussed above, CoStar's allegations in the Complaint are that the parties had a valid written contract – the terms of which included the parties irrevocably consenting to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for the purpose of any action brought in connection with this Agreement or the use of the Licensed Product. Indeed, Resource Realty does not dispute the reasonableness of the forum selection clause in the contract being enforced in this action – it apparently would prefer that it just be ignored.

### A. Resource Realty Agreed To Litigate This Dispute In This Court In Written Contracts.

Pursuant to the license agreement that CoStar executed with Defendant Resource Realty in August 2004, the parties agreed that:

> This Agreement shall be construed under the laws of the State of Maryland ... The parties irrevocably consent to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for the purpose of any action brought in connection with this Agreement or the use of the Licensed Product...

*See* Defendant's Certification of James Davis, Exhibit A at ¶ 17. Indeed, the same forum selection language is contained within the prior-existing license agreement between CoStar and Resource Realty, which was superseded by the August 2004 license. (Declaration of Scott Zebrak ("Zebrak Decl."), ¶ 5). Given this language, there is no doubt that Resource Realty agreed to litigate this dispute in this Court, and that personal jurisdiction exists.

### B. Resource Realty Agreed To Litigate This Dispute In This Court When It Agreed to CoStar's Online Terms Of Use.

Defendant admits that it accessed CoStar's online services. (Davis Cert., ¶¶ 7-8). In order for Defendant to gain access to the CoStar database, its users were required to read and agree to the Terms of Use. As discussed above, CoStar's Terms of Use contain a forum selection clause wherein the parties

5

~BALT1:4242792.v1

agreed to resolve any disputes in this forum. The forum selection clause contained in the online Terms of Use agreement is enforceable. *Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 692-5 (D. Md. 2000) (enforcing forum selection clause contained in AOL's online terms of service). Indeed, Resource Realty does not deny the validity of this forum selection clause. As such, this Court is the proper forum for this litigation and Resource Realty's motion to dismiss must be denied. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) ("[a] valid forum selection clause [should be] given weight in all but the most exceptional cases."); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced..."). Resource Realty has offered no reason - other than convenience - to ignore the forum selection clause. Such an excuse is certainly not an exceptional case for if it was, forum selection clauses would become virtually meaningless.

### C. This Court Has Personal Jurisdiction Over Resource Realty.

In any event, this Court has personal jurisdiction over Resource Realty in that it made contracts in this state and committed tortious acts with effects in this state. A federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 768 (D. Md. 2004) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)). Thus, the inquiry is whether Resource Realty purposefully established minimum contacts with Maryland consistent with traditional notions of substantial justice and fair play. *Id.* (citations omitted). Stated another way, are Resource Realty's contacts with Maryland such that it should reasonably anticipate being haled into court here? *Id.* (citations omitted). In this case, there can be no doubt that Resource Realty should (and did) anticipate being haled into this District.

6

~BALT1:4242792.v1

Maryland's long-arm statute confers specific jurisdiction, among other things, where a party transacts business in the state or causes tortious injury in the state. Md. Code Ann. § 6-103(b)(1),(3) and (4). Where, as here, a defendant directs activities at forum residents, which result in injuries giving rise to litigation relating to those activities, a defendant has fair warning that it might be subject to a forum's jurisdiction. *Id.* (citations omitted); *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) (foreign defendants who intentionally harm residents of the forum state subject to personal jurisdiction); *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 692-3 (D. Md. 2002) ("strongest factor" in deciding whether personal jurisdiction is based upon business activities directed at forum residents, is whether defendant initiated contact with forum residents).

Here, Resource Realty's activities in this state include, but are not limited to, directing false and misleading statements to CoStar in Bethesda to conceal Defendant Atkinson Hunt's use and misuse of the CoStar service licensed to Resource Realty, as well as enabling Defendant Atkinson Hunt's illicit logins through CoStar's computer servers in Maryland. Resource Realty also directed its improper conduct at CoStar, which is headquartered in Maryland and suffered damages in Maryland due to Defendants' conduct. Indeed, Resource Realty's use of the CoStar services involved computer servers located in Maryland and CoStar's Maryland personnel. (Zebrak Decl., ¶ 7). Thus, there are ample reasons to exercise personal jurisdiction over Resource Realty with regard to this lawsuit.

### III. The Fraud Claims Meet The Particularity Requirements of Rule 9(b).

Rule 9(b) requires that averments of fraud be pled with particularity. Fed.R.Civ.P. 9(b); *Debt Relief Network, Inc. v. Fewster*, 367 F. Supp. 2d 827, 830-1 (D. Md. 2005). The Fourth Circuit interprets Rule 9(b) to mean that the circumstances required to be pled with particularity are the time, place and contents of the misrepresentation, as well as the identity of the person making the

misrepresentation and what he obtained thereby. *Debt Relief Network*, 367 F. Supp. 2d at 831 (citations omitted). Defendant's knowledge of the misrepresentation or intent to deceive may be pled as conclusory allegations. *Id.* A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied that the defendant has been made aware of the particular circumstances for which it will have to prepare for trial and that plaintiff has substantial pre-discovery evidence of those facts. *Id.*

The fraud allegations here are not complicated nor are they lacking in particularity. Resource Realty is alleged to have secured from CoStar access passcodes for CoStar services. (Compl. ¶ 24-26). Resource Realty misrepresented to CoStar that the passcodes would only be used by certain authorized employees. (Compl. ¶ 24-26). Resource Realty is alleged to have shared the passcodes with unauthorized third parties, who used the passcodes to gain unauthorized access to CoStar's services. (Compl. ¶ 27). Resource Realty is alleged to have profited from the provision of the passcodes and the illegally accessed information. (Compl. ¶¶ 28-29). Resource Realty is further alleged to have made false and misleading statements to conceal the foregoing from CoStar after CoStar inquired about use of the passcodes in question. (Compl. ¶¶ 32-34). These allegations clearly inform the Defendant of the bases for the fraud claim and therefore, meet the requirements of Rule 9(b).

IV. **Maryland Is the Proper and Convenient Forum For Resolution Of This Dispute.**

    A. **Defendant Submits No Evidence To Support Of Its Request For Transfer.**

Resource Realty, in the alternative, argues that this case should be transferred to the District Court of New Jersey pursuant to 28 U.S.C. § 1404. A preliminary inquiry under § 1404 is whether the action could have been brought in the proposed transferee forum. Of course, in light of the parties' mandatory forum selection clause, the only proper forum for this litigation is Maryland, not New Jersey.

8

The Court's inquiry could very well end at this point since under § 1404, the burden is on the movant to show that the "balance of convenience and interest of justice strongly [favor transfer]," and Resource Realty cannot meet – and has not met – that burden. *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (quoting *Lanier Bus. Prod. V. Graymar Co.*, 355 F.Supp. 524, 527 (D. Md. 1973)). To meet this burden, Defendant "should submit affidavits from witnesses and parties explaining the hardships they would suffer if the case were heard in the plaintiff's chosen forum." *Dow*, 232 F. Supp. 2d at 499 (citation omitted) (fatal to defendant's motion to transfer was the failure to submit affidavits from parties or witnesses detailing the hardship or inconvenience they would suffer by having to travel from Washington D.C. to Baltimore); *Ralph v. Long*, 2001 WL 706034, * 3 (D. Md. June 14, 2001) (collecting cases) (motion under §1404 will be denied if moving party fails to identify key witnesses, location of witnesses and expected area of testimony); *Cole-Tuve, Inc.*, 342 F. Supp. 2d at 370 (same). Resource Realty's conclusory claims of inconvenience simply fail establish that New Jersey is the more convenient forum. *Dow*, 232 F. Supp. 2d at 499 ("mere assertions of inconvenience or hardship are inadequate support for a motion to dismiss or transfer pursuant to 28 U.S.C. § 1404(a)."); *Stratagene*, 315 F. Supp. 2d at 771 (same). Resource Realty has not, and, indeed, cannot meet its burden under § 1404, requiring that the motion to transfer be denied.

**B. Transfer Under 28 U.S.C. § 1404 Is Not Warranted.**

Despite Resource Realty's failure to set forth any evidence of inconvenience, the factors considered under § 1404 weigh decidedly against transfer. *Dow*, 232 F. Supp. 2d at 499 (unless the balance is strongly in favor of transfer, the plaintiff's choice of forum will rarely be disturbed). In weighing whether to transfer under § 1404, courts consider: "1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of

9

~BALT1:4242792.v1

justice." *Cross v. Fleet Reserve Assoc. Pension*, 383 F. Supp. 2d 852, 856 (D. Md. 2005) (citing *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615 (D. Md. 2002).

### 1. *CoStar's Choice of Forum Is Entitled To Substantial Weight.*

A plaintiff's choice of forum is entitled to substantial weight by a court in determining whether transfer is appropriate under § 1404. *Cross*, 383 F. Supp. 2d at 856. This is especially true where, as here, events giving rise to the litigation took place in the forum. *Cole-Tuve*, 342 F. Supp. 2d at 370 (plaintiff's choice of forum accorded "considerable weight" where defendant's online activities giving rise to litigation affected plaintiff's business in Maryland). Here, Defendant's misuse and unlawful distribution of CoStar's services directly affected CoStar's business in Maryland, requiring that substantial deference be paid to CoStar's choice of forum. (Zebrak Decl., ¶¶ 6-8).

### 2. *The Inconvenience To CoStar and CoStar's Witnesses Weighs Against Transfer.*

Also to be considered by the Court in determining whether to transfer is the convenience of the parties and the witnesses. Incumbent upon the moving a party, as discussed above, is a demonstration through affidavits of the <u>inconvenience</u> the party and its witnesses will suffer. *See* Para. IV(A), *supra*. Resource Realty submits no such evidence and only asserts in a conclusory manner that since it and the Co-Defendant reside in New Jersey, inconvenience will result. *Dow*, 232 F. Supp. 2d at 499 (conclusory allegations insufficient under § 1404).

CoStar and its witnesses, on the other hand, will suffer inconvenience if CoStar is required to travel to New Jersey to litigate this case. As detailed in the Declaration of Scott Zebrak, CoStar and many of its witnesses resides in Maryland and will be inconvenienced by litigation in New Jersey. (Zebrak Decl., ¶¶ 9-10); *Cole-Tuve*, 342 F. Supp. 2d at 370 (courts will not impose burden of litigating in an different forum upon a plaintiff where only connection with proposed transferee forum is that

~BALT1:4242792.v1

defendants reside there).[2] At the very least, the convenience issue is "a wash" between the parties, which weighs in favor of keeping this case in Maryland. *Choice Hotels Internat'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 (D. Md. 1998) (denying transfer and reasoning that "there has been no substantial showing by defendant that a transfer ... would do anything other than shift the greater burden and inconvenience of trial from defendants to plaintiffs, which is not a proper purpose of a transfer of venue.").

### 3. *The Interests Of Justice Weigh Against Transfer.*

Courts also look to the interests of justice on a § 1404 motion, which encompasses "'all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.'" *Cross v. Fleet Reserve Assoc. Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (quoting *Sheet Metal Workers Fund v. Baylor Heating and Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). These factors include a court's familiarity with applicable law, the possibility of an unfair trial or harassment, ease of access to sources of proof and court congestion. *Id.*; *Baylor Heating and Air Conditioning*, 702 F. Supp. at 1260. Weighing these factors, it is plain that transfer is not warranted.

First, the parties' agreement calls for application of the state law of this forum – Maryland law. (Zebrak Decl. ¶¶ 3-5). Second, there is no allegation that Resource Realty will receive and unfair trial or be harassed by litigating in Maryland. Third, this case centers around CoStar's database services and its contract with Resource Realty, and CoStar is located in Maryland and its contracts are administered in Maryland. As such, much of the relevant documents are to be found in Maryland. (Zebrak Decl. ¶ 10).

---

[2] CoStar also has a legitimate expectation that its forum selection clause will be enforced. *Davis Media Group, Inc v. Best Western Internat'l, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) (enforcing forum selection clause in context of motion to transfer venue to protect the parties' legitimate expectations). This is especially true in a case like this where CoStar has a more than reasonable expectation that its Terms of Use and License agreements will be interpreted in a consistent manner in the same jurisdiction each time it seeks to enforce its agreements.

Finally, the docket for the New Jersey District Court is, at least to some degree, more congested than that of the Maryland District Court. In 2004, New Jersey had 5,348 cases which took almost 9 months resolve whereas Maryland had only 3,416 cases which took only 8.6 months to resolve. (Declaration of Alice A. Kelly, ¶¶ 3-5). In 2005, New Jersey had 5,442 cases whereas Maryland had only 3,485 cases. (*Id.* ¶ 6). Clearly, the interests of justice weigh heavily against transfer.

## CONCLUSION

For the foregoing reasons, CoStar respectfully requests that Defendant's motion to dismiss, or in the alternative, to transfer, be denied.

Dated: June 1, 2006

Hugh J. Marbury (Fed. Bar No. 24653)
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

Keith Medansky (admitted *pro hac vice*)
Alan S. Dalinka (admitted *pro hac vice*)

DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312.368.4000
312.236.7516 (facsimile)

*Attorneys for Plaintiffs CoStar Realty Information and CoStar Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2006, a copy of Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss or Transfer was mailed, postage prepaid, to:

> Keith R. Truffer
> Royston, Mueller, McLean & Reid, LLP
> 102 West Pennsylvania Avenue
> Towson, Maryland 21204
>
> and
>
> David Atkinson
> Atkinson Hunt
> 1050 Kings Highway, Suite 202
> Cherry Hill, New Jersey 08034

_____
Hugh J. Marbury