# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Costar Realty Information, Inc., *et al.* | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PJM 06 CV 0655 |
| Atkinson Hunt, *et. al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND/OR MOTION TO TRANSFER VENUE

Defendant Resource Realty and Property Evaluations, Inc., by their undersigned attorneys, submits this Reply Memorandum in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Failure to State a Claim and/or Motion to Transfer Venue.

## STATEMENT OF FACTS

For purposes of Defendant Resource Realty and Personal Property Evaluations, Inc.'s, (hereinafter "Resource Realty") Reply, it relies upon and incorporates as though set forth herein, the facts established in its initial motion papers. However, Resource Realty believes that several additional factual designations are necessary in light of Costar Realty Information and CoStar Group, Inc.'s (hereinafter "Costar") opposition papers.

First, the Court should note that CoStar's Complaint only asserts personal jurisdiction over Resource Realty within Maryland based on the purported "written contract", and CoStar has only asserted its breach of contract claim against Resource Realty based upon the alleged "license agreement". See Complaint, at ¶¶ 8, 9, 39, 40 (compare the allegations against Atkinson

Hunt that rely upon the "Terms of Use").

Second, the costs associated with traveling to Maryland for this litigation would be prohibitive for Resource Realty, due to Resource Realty's limited size. Certification of James R. Davis, dated June 12. 2006, attached as Exhibit A, ¶ 5.

Finally, as it is believed that the information technology worker that established and maintained David Atkinson's computer systems at Atkinson Hunt during the pertinent time period is no longer employed by that entity, so the only known non-party fact witness whose testimony is required in this matter is located in the State of New Jersey.

**ARGUMENT**

I. **COSTAR'S BREACH OF "WRITTEN CONTRACT" CLAIM IS INADEQUATE, BECAUSE ON THE FACE OF ITS COMPLAINT COSTAR ADMITS THAT COUNTERSIGNED DOCUMENTS WERE SUBMITTED, ITS OPPPOSITION ADMITS THAT THE VERSIONS OF THE DOCUMENT SIGNED BY THE PARTIES DIFFERED, AND THE FINDING OF AN ENFORCEABLE CONTRACT IS A CONCLUSION OF LAW RATHER THAN AN A FACTUAL FINDING**

Pursuant to Fed. R. Civ. P. 12(b)(6), the moving party must show that "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." A claimant can not prevail on a contract claim in the absence of mutual assent to the same contract terms. Creel v. Lilly, 354 Md. 77, 101, 729 A.2d 385, 398 (1999) (citing Klein v. Weiss, 284 Md. 36, 63, 395 A.2d 126, 141 (1978). Parties do not have the ability to independently modify an agreement. Chernick v. Chernick, 327 Md. 470, 478-79, 610 A.2d 770, 774 (1992). This is particularly pertinent, because while a Rule 12(b)(6) motion requires that Plaintiff's factual basis be accepted as true, it also requires a Court to test "the legal sufficiency of the claims, [and] the court is not bound by the plaintiff's legal conclusions." Randall v. United States, 30 F.3d 518,

522 (4th Cir. 1994); Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995)(taking facts as true, the Complaint still did not state a claim); Faulker Advertising Assoc., Inc. v. Nissan Motor Corp., 945 F.2d 694, 695 (4th Cir. 1991)("self-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint").

In the present case, Plaintiff's Complaint states a legal conclusion that a written contract exists, but glosses over the fact that it unilaterally and materially modified the agreement before it was countersigned. Plaintiff's opposition asserts that the same is sufficient to assert a breach of contract, because in the context of a Rule 12(b)(6) motion "all allegations in the Complaint are deemed true", "only the Complaint need be considered and [Resource Realty's] other arguments and submissions [should be] ignored." Even based solely on the facts contained in the Complaint, Plaintiff only suggests that there was a Licensing Agreement, that Resource Realty signed it, that CoStar mailed a copy back, and that a term of the agreement was violated by providing David Atkinson with a password and electronic key token. Plaintiff never asserts that it did not modify the agreement after Resource Realty signed it, that the modification was not material, or that the parties had a meeting of the minds when entering into the purported Licensing agreement. Resource Realty maintains that this is due to the fact that Plaintiff is aware that a material unilateral alteration of the agreement was made, which would prevent the formation of a contract. Additionally, in the event that Plaintiff asserts that the modification of the agreement removing Mr. Hunt was not material to the formation of the contract, then this undisclosed alteration essentially serves as the entire basis for the filing of the instant action. Likewise, if it is asserted that the modification was not material to the formation of the contract, then this Court should regard Resource Realty's alleged violation as immaterial as well, which would mean that Plaintiff's has still failed to state a claim. Finally, if this Court determines that

additional fact finding is required in relation to this matter, then Resource Realty specifically requests that this motion be treated as a Motion for Summary Judgment.

> II. **THIS COURT LACKS PERSONAL JURISDICTION TO ADJUDICATE THIS MATTER PURSUANT TO RULE 12(b)(2), BECAUSE COSTAR HAS ONLY FAILED TO ASSERT A SUFFICIENT FACTUAL BASIS IN EITHER ITS COMPLAINT OR ITS OPPOSITION TO PROVE SUCH JURISDICTION BY A PREPONDERANCE OF THE EVIDENCE**

As stated in the initial Motion, it is Plaintiff's burden to prove by this "court's power to exercise personal jurisdiction over a nonresident defendant . . . under Rule 12(b)(2)". Screen v. Equifax Information Sys., LLC, 303 F.Supp.2d 685, 688 (D.Md. 2004); Carefirst of Maryland, Inc. v. Carefirst Preganacy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003). Essentially, in Plaintiff opposition papers, Plaintiff attempts to do so based on three agreements, that there was: a written contract between the parties with a forum selection clause, that CoStar's Terms of Use contain a forum selection clause, and generally related to fraud that is premised upon the existence of a written contract. However, each of these arguments must fail.

First, it should be noted that Plaintiff's assertion in its opposition brief that Resource Realty does not "deny the validity of [the Terms of Use] forum selection clause" is inaccurate. See Plaintiff's Opposition Brief, at 6. Resource Realty did not address this provision within its moving papers, because the allegations within CoStar's Complaint fail to assert that Resource Realty violated any portion of the Terms of Use agreement. See Complaint, at ¶¶ 8 & 39. Instead, CoStar only alleges a violation of the Terms of Use document by Atkinson Hunt. See Complaint, at ¶¶ 9 & 40. On this basis, Resource Realty submits that CoStar's argument basing jurisdiction on that provision is improper or at best misleading, and as such should be disregarded by the Court.

However, to the extent that the Court considers the applicability of the CoStar Terms of Use, it should be noted that the terms are conspicuously absent from Plaintiff's Opposition Brief. This may be due to the fact that, as of April 27, 2006, the "Jurisdiction" section of CoStar's "Terms of Use" failed to provided for joint jurisdiction with New Jersey by stating:

> Costar is headquartered in the State of Maryland of the United States. These terms of Use and your use of this Product shall be governed by the laws of the States of Maryland without regard to its conflicts of laws principles. . . . You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland, **and to the jurisdiction of the federal and state courts located in any State where you are located**, **for any action brought against you in connection with these Terms of Use or use of the Product**.

CoStar Terms of Use, www.costar,com/common/terms/PopUp.aspx., as of April 27, 2006 (emphasis added). Additionally, this Court should note the scope of the jurisdiction clause only concerns the "Terms of Use or use of the Product", and insofar as Plaintiff has only alleged that Resource Realty improperly provided its pass codes to unauthorized users rather than improperly "used" its information systems, this provision is inapplicable to Resource Realty.

Next, in relation to the assertion that a "valid" forum selection clause exists in relation to the "written contract", Plaintiff contorts the facts by stating that "Resource Realty does not dispute the reasonableness of the forum selection clause in the contract being enforced in this action – it apparently would prefer that it just be ignored", when in truth it is Plaintiff who attempts to gloss over the fact that no valid contract existed. See Plaintiff's Opposition, at 5. Resource Realty submitted within its initial Motion that the asserted contract was invalid due to the fact that there was no meeting of the minds between the parties. A review of Plaintiff's opposition evidences that Plaintiff fails to provide any evidence to dispute this assertion, which was factually supported in Resource Realty's moving papers. Instead, the closest that Plaintiff comes is that CoStar asserts that pursuant to Rule 12(b)(6) that all of its allegations in the

Complaint must be taken as true, and it has plead the required elements of a breach of contract. However, Resource Realty notes that for purposes of a Rule 12(b)(2) motion, the burden is placed on Plaintiff to show that this Court has the power to exercise jurisdiction over out of state parties, and on that basis Plaintiff is not entitled to rest on the allegations in its complaint to prove that a valid forum selection clause, or for that matter a valid contract, existed. As such, it should be noted that Plaintiff has failed to supply any such evidence to prove that a meeting of the minds occurred related to the purported written contract or that CoStar did not materially change the proposed agreement before it was countersigned. On that basis, Plaintiff may not rely on the "written contract" to support a finding of personal jurisdiction.

Finally, in regards to any allegation of transacting business or "tortious act" as a basis for jurisdiction, "a defendant's contacts with Maryland must be extensive, continuous and systematic before the defendant can be held to be subject to specific jurisdiction in a Maryland court." Virtuality. LLC v. Bata, Ltd., 138 F.Supp.2d 677, 683 (D.Md. 2001). In such a case, general jurisdiction would be available. However, Resource Realty can not recall any instance where it even interacted with a business entity from Maryland.

Further, in the present case Defendant Resource Realty has not established any minimum contacts with Maryland on a specific jurisdiction basis. Specific jurisdiction is warranted where a

> defendant **purposely** directed its activities toward residents of Maryland or **purposely** availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "traditional notions of fair play and substantial justice."

Cole-Tuve, Inc. v. Amer. Machine Tools Corp., 342 F. Supp.2d 362, 366 (D. Md. 2004)(emphasis added). "Foreign defendants who **intentionally harm residents** of the forum

state have been held to have intentionally interacted within the state." Id. Importantly, for specific jurisdiction to apply, the conduct and injury must be intentionally directed at a party in Maryland, and not be "a random, fortuitous, or attenuated result of activity". Id. at 367. Essentially, to have specific jurisdiction a court must find that "there are sufficient allegations that the Defendant committed an intentional tort *and* that Defendant intended for that intentional tort to impact Plaintiff in Maryland." Id. at 368. "After all, noted the court, a plaintiff always feels the impact of the harm in his or her home state" and "constitutional protections demand 'something more". Id. at 367.

Despite Plaintiff's assertions, Resource Realty did not make any contracts within Maryland as the License Agreement that was to be entered into, was signed by Resource Realty and negotiated in New Jersey through one of CoStar's local representatives who is believed to have worked out of New York or New Jersey. Further, the realty information that would be the subject of the Licensing Agreement was primarily related to properties in New Jersey. Likewise, no false or misleading statements were made by Resource Realty, instead the statements that CoStar asserts to be false and misleading actually were the result of CoStar's own act of materially amending the Licensing Agreement that Resource Realty had signed, without Resource Realty's knowledge before Costar countersigned the document. As such, based on the foregoing, not only did Resource Realty not intentionally cause CoStar any harm, but Resource Realty did not even engage in any action that could be deemed an intentional tort as required for specific jurisdiction.

### III. COSTAR'S CONCLUSORY STATEMENTS OF FRAUD FAIL TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 9(b)

Plaintiff's opposition brief recognizes the Fourth Circuit's application of Rule 9(b), by

stating that "the time, place, and contents of the misrepresentation, as well as the identity of the person making the misrepresentation" are required to be pled with particularity. Thereafter Plaintiff goes through the conclusory allegations in its Complaint, that essentially only assert Resource Realty misrepresented that it would properly safeguard its pass codes and that Resource Realty alleged concealed that it shared its pass codes with allegedly unauthorized users. However, Plaintiff fails to allege who at Resource Realty made the asserted false or misleading statements, fails to identify when such statements were made, where such statements were made, or provide the content of those allegedly misleading and false statements. As such Resource Realty notes that if this Court accepts Costar's allegations as sufficient, then it would essentially render the specificity requirements of the Rule meaningless as the level of specificity provided would be the same as any other claim.

Further, in addition to the lack of specificity, Plaintiff has failed to allege that any harm resulted from any statement(s) that Resource Realty allegedly made. Even taking CoStar's other fraud based allegations true, CoStar's allegations and opposition are noticeably absent of any estimation of the harm caused. As such, from the information presently know it is not even clear whether CoStar is asserting that it could have sold additional services to Resource Realty or whether it is asserting that the misrepresentations cause a decrease in its sales in the marketplace. See Lasercomb Amer. Inc. v. Reynolds, 911 F.2d 970, 980-81 (4th Cir. 1990). Such a distinction is important in enabling Resource Realty to be able to defend any charges of fraud. Still, regardless of the lack of stated damages, Resource Realty submits that no harm could have occurred in this case, because there were no additional Resource Realty employees to issue access pass words to at that office, and alternatively Plaintiff's allegations of fraud can not be construed to have stopped CoStar from obtaining any additional sales in the marketplace,

particularly as CoStar has alleged that it had already denied Atkinson Hunt access.

## CONCLUSION

For the foregoing reasons, Resource Realty respectfully requests that its Motion to Dismiss be granted or in the alternative that this matter be transferred to the District of New Jersey.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | By |
| Dated: June 12, 2006 | /Keith R. Truffer/ |
|  | Keith R. Truffer, Bar No. 01153 |
|  | Royston, Mueller, McLean & Reid, LLP |
|  | 102 W. Pennsylvania Ave., Suite 600 |
|  | Towson, MD 21204 |
|  | Telephone: (410) 823-1800 |
|  |  |
|  | Jonathan D. Clemente, Esq. |
|  | John W. Hofsaess, Esq. |
|  | Clemente Mueller & Tobia, P.A. |
|  | P.O. Box 1296 |
|  | Morristown, NJ 07962-1296 |
|  | Telephone: (973) 455-8008 |
|  |  |
|  | ATTORNEYS FOR RESOURCE REALTY AND PERSONAL PROPERTY EVALUATIONS, INC. |

F:\LITIGATIONS\KRT\ResourceRealty\Reply Brief in Support of Motion to Dismiss.doc