IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ATKINSON HUNT, *et al.* <br><br> Defendants. | Civil Action No. PJM 06 CV 0655 |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S "MOTION FOR EXTENSION OF TIME"**

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submits this Opposition to the submission of Defendant Atkinson Hunt, which is being treated by the Court as a Motion for Extension of Time.

### I.  BACKGROUND

CoStar filed its Complaint in this action on March 13, 2006. Defendant Atkinson Hunt was served with Summons and Complaint on March 20, 2006. (*See* Affidavit of Service filed with this Court on March 29, 2006.) As a courtesy, CoStar twice agreed to and moved for extension of Atkinson Hunt's time to respond to Complaint. (*See* Motion for Extension of Time and Second Motion for Extension of Time filed March 31, 2006 and April 28, 2006, respectively.) This Court granted both requests and ordered Atkinson Hunt to respond to the Complaint by June 1, 2006. (*See* Order dated April 28, 2006.)

Despite being ordered to respond to the Complaint by June 1, 2006, Atkinson Hunt, a New Jersey corporation, has failed to appear in this action through counsel and has yet to file a responsive pleading. Instead, on May 30, 2006, David R. Atkinson, President of Atkinson Hunt sent a letter to this Court requesting another forty-five day extension to find counsel. Mr. Atkinson's letter also asks for a change of venue. The request should be denied because Atkinson Hunt, a corporation, cannot and should not be permitted to represent itself before this Court without counsel and because this forum is the proper and the most convenient venue for this litigation.

## II. ARGUMENT

Mr. Atkinson's letter should not be treated as a motion since it is axiomatic that a corporation cannot act in Court except through counsel and none has appeared for Atkinson Hunt. Even treating Mr. Atkinson's letter as a motion, the requested relief should be denied because Atkinson Hunt has had ample time to answer the Complaint and because this matter is correctly litigated in this venue.

### 1. Mr. Atkinson's Letter is an Improper Motion.

It is well-established that a corporation must appear through an attorney admitted to practice in the jurisdiction in which an action is pending. *See, e.g.*, William Meade Fletcher, 9A FLETCHER CYCLOPEDIA OF PRIVATE CORP. §4463 (2005) (collecting cases). While an individual may appear on his or her own behalf, when appearing on behalf of a corporation, an individual appears in a representative capacity. *Id.* Unless it is Mr. Atkinson's contention that the shareholders of Atkinson Hunt are **not** shielded from liability by the corporate entity – which his letter clearly suggests is not his position – Atkinson Hunt may only act in this Court through an attorney.

The excuses Mr. Atkinson offers for the lack of counsel at this point in this matter are of no import and, indeed, display a total unawareness of the contents of the Complaint. In his letter, Mr. Atkinson's repeatedly claims that he needs more time because of counsel's refusal to supply exhibits to the Complaint. Oddly, the Complaint includes no exhibits at all. What Mr. Atkinson requested of the parties' respective counsel amounts to obtaining early discovery. Discovery materials will be provided in accordance with the rules and certainly need not be produced before his company appears of record in the case.

In the absence of counsel, this Court should treat Mr. Atkinson's letter as a legal nullity. Simply stated, with no appearance on file and no responsive pleading on file, Atkinson Hunt's responsive pleading is past-due. To the extent the Court is inclined to grant yet another extension to Atkinson Hunt, CoStar respectfully requests that Atkinson Hunt be granted an extension only until June 30, 2006. After that time, this Court would then be well within its discretion to order that the allegations of the Complaint are deemed true and enter a Default Judgment against Atkinson Hunt.

2.  **Venue is Proper in this District and Transfer is not Warranted.**

Treating Mr. Atkinson's Letter as a motion for change of venue would likewise be improper. Substantively, CoStar has addressed the reasons why this forum is the proper and most convenient venue in its Response in Opposition to Co-Defendant Resource Realty's Motion to Dismiss or Transfer (that Response and the supporting Declarations of Scott Zebrak and Alice Kelly are incorporated herein by reference). In light of the parties' mandatory forum selection clause, the only proper forum for this litigation is Maryland, not New Jersey.

Treating Mr. Atkinson's letter as a motion pursuant to 28 U.S.C. § 1404, it is clear that Atkinson Hunt has failed to meet its burden of showing that the "'balance of convenience and interest of justice

~BALT1:4245641.v1

strongly [favor transfer],'" *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (quoting *Lanier Bus. Prod. v. Graymar Co.*, 355 F. Supp. 524, 527 (D. Md. 1973)). As the record in this case amply demonstrates, CoStar and its witnesses will be inconvenienced if CoStar is required to travel to New Jersey to litigate this case. (*See* Zebrak Decl., ¶¶ 9-10); *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004).

### III. CONCLUSION

For the foregoing reasons, CoStar respectfully requests that Atkinson Hunt be ordered to appear and plead on or before June 30, 2006, and failing that, to enter Default Judgment in favor of CoStar and against Atkinson Hunt. CoStar likewise respectfully requests that Mr. Atkinson's Letter's request for a change of venue be denied.

Dated: June 19, 2006

_____
Hugh J. Marbury (Fed. Bar No. 24653)
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

Keith Medansky (admitted *pro hac vice*)
Alan S. Dalinka (admitted *pro hac vice*)
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312.368.4000
312.236.7516 (facsimile)

*Attorneys for Plaintiffs CoStar Realty Information and CoStar Group, Inc.*

4

~BALT1:4245641.v1

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2006, a copy of Plaintiffs' Opposition to Defendant's Motion for Extension of Time was mailed, postage prepaid, to:

>Keith R. Truffer
>Royston, Mueller, McLean & Reid, LLP
>102 West Pennsylvania Avenue
>Towson, Maryland 21204
>
>and
>
>David Atkinson
>Atkinson Hunt
>1050 Kings Highway, Suite 202
>Cherry Hill, New Jersey 08034

_____
Hugh J. Marbury

~BALT1:4245641.v1