IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., et al. | * |
| | * |
| Plaintiffs, | |
| v. | * |
| | Case No.: 8:06-CV-00655-PJM |
| ATKINSON HUNT, et al. | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MOTION TO DISMISS COMPLAINT**

Defendant Atkinson Hunt ("Atkinson"), by its counsel, pursuant to Rule 12(b)(2) and (6), Federal Rules of Civil Procedure, move to dismiss the Complaint brought by Plaintiffs CoStar Realty Information, Inc. and CoStar Groups, Inc. (collectively "CoStar") in its entirety because this Court lacks personal jurisdiction over Atkinson, and in support says as follows:

1. CoStar's Complaint alleges that it is a leading national commercial real estate information services provider, incorporated in Delaware corporation, with its principal place of business in Bethesda, Maryland.

2. "Atkinson Hunt" is the tradename of Laser Marketing, Inc., a New Jersey corporation with its principal place of business in Cherry Hill, New Jersey. Atkinson's principal business involves the generation of leads for businesses. Atkinson does not license or sell data, business information, or lists of information.

3. Co-Defendant Resource Realty and Personal Property Evaluations, Inc., incorrectly named in the Complaint as Resource Realty of Southern New Jersey (hereinafter "Resource Realty")

is, upon information and belief, a commercial real estate brokerage firm.

4. In or around August 2004, Atkinson entered into discussions with Mr. James Davis, principal of Resource Realty, about a joint venture between Atkinson and Resource Realty. Subsequent to those discussions, Resource Realty entered into a license agreement with CoStar for use of CoStar's informational databases by the prospective joint venture. By virtue of its involvement in the joint venture, Atkinson was designated as an authorized user under the license agreement, though Atkinson was not itself party to that agreement.

5. The Complaint consists of five counts against Atkinson (breach of contract, fraud, tortious interference, violation of federal law in connection with alleged unauthorized access to a computer, violation of New Jersey law with respect to unauthorized access to a computer), with two of those counts also brought against Resource Realty (breach of contract, fraud). Each of the counts is premised upon the license agreement between CoStar and Resource Realty and the use of CoStar informational databases by Resource Realty and Atkinson.

6. CoStar fails to mention in its Complaint that all events relevant to the license CoStar-Resource Realty license agreement, including but not limited to all sales inquiries, salespersons, authorized users under the agreement, and witnesses, are all located in the State of New Jersey. Instead, CoStar focuses on the fact that it is based in Maryland and that, it claims, much of the electronic evidence in the case is located in Maryland. On the basis of its general allegations, CoStar concludes that jurisdiction and venue are appropriate in Maryland.

7. Specifically, CoStar claims jurisdiction over Atkinson by virtue of alleged "tortious and other actionable acts . . . with foreseeable consequences" in Maryland, by Atkinson's claimed assent to CoStar's Terms of Use, and by Atkinson's alleged repeated electronic activity and interaction with CoStar's computer servers in Bethesda, Maryland. Complaint at 9. CoStar fails to

assert any grounds for jurisdiction over an out-of-state defendant under the Maryland Long Arm Statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103(b), (c), nor does CoStar give any specific reason why personal jurisdiction would exist under the Long Arm Statute.

8. Plaintiff's allegations are facially inadequate to establish personal jurisdiction. Vague allegations of committing acts with foreseeable consequences in Maryland and electronic interaction with servers located in Maryland is not the type of purposeful and specific conduct directed at residents of Maryland required for the exercise of "specific" personal jurisdiction. Nor are there any allegations sufficient to establish "general jurisdiction" over Atkinson. Atkinson simply does not have the minimum contacts with the State of Maryland necessary for this Court to exercise personal jurisdiction over them.

9. This Motion to Dismiss Complaint is supported by a memorandum of law and the Declaration of David R. Atkinson.

WHEREFORE, Defendants request that the Court grant this Motion to Dismiss Complaint and enter the attached form of Order dismissing the Complaint with prejudice.

        /s/
Michael S. Yang (Bar No. 25951)
Francis J. Gorman (Bar No. 00690)
**GORMAN & WILLIAMS**
Two North Charles Street
Baltimore, Maryland 21201-3754
Telephone: (410) 528-0600
Facsimile: (410) 528-0602

*Attorneys for Defendant Atkinson Hunt*