IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>ATKINSON-HUNT, *et al*.<br><br>    Defendants. | Civil Action No. PJM 06 CV 0655 |

**PLAINTIFFS' RESPONSE IN OPPOSITION**
**TO DEFENDANT ATKINSON HUNT'S MOTION TO DISMISS**

Plaintiffs CoStar Realty Information and CoStar Group, Inc. (collectively, "CoStar"), by their attorneys, submits this Memorandum in Opposition to the Motion to Dismiss Complaint filed by Defendant Atkinson Hunt ("Atkinson") regarding personal jurisdiction. CoStar previously filed a memorandum and declarations in opposition to similar portions of a previously-filed motion of co-Defendant Resource Realty and Property Evaluations, Inc. ("Resource Realty"), and CoStar incorporates those submissions here.

### Introduction

Like Resource Realty's motion, Atkinson's motion should be denied. Atkinson's memorandum, in particular, is filled with reasoning that is specious at best. The fundamental problem with Atkinson's argument is that Atkinson repeatedly fails to recognize that its very access of CoStar's computer servers subjects it – by contract and by act – to the jurisdiction of this Court. This is true because there is no way for Atkinson ever to have accessed a Maryland-based CoStar computer servers without agreeing to

and subjecting itself to CoStar's Terms of Use which included a Maryland forum selection clause. Atkinson never denies that it made repeated access to CoStar's computer servers – nor could it, as the proofs in this case will never sustain such a denial, but, rather will show that Atkinson accessed the CoStar computer servers hundreds of times. Even Mr. David Atkinson's declaration (submitted with Atkinson's motion) admits the access of CoStar's computer servers, while ignoring the fact that the terms of use apply.

Atkinson's reliance on the Resource Realty license agreement with CoStar similarly ignores that agreement's express choice of forum provision. (A copy of the Terms and Conditions of that agreement is accurately reproduced in the Certification of James R. Davis submitted by Resource Realty in support of its motion.) Taking Atkinson's argument at face value,[1] how Atkinson can claim that it could have no reasonable expectation of being haled into a Maryland courtroom for actions relating to its access of CoStar's computer servers baffles the mind. Personal jurisdiction is appropriate in this case and Atkinson's motion should be denied.

## Argument[2]

---

[1] A copy of the Terms and Conditions of that agreement is accurately reproduced in the Certification of James R. Davis submitted by Resource Realty in support of its motion. It should be recognized that CoStar believes that it will ultimately prove that David Atkinson was not an Authorized User under that agreement, that David Atkinson was not the only representative of Atkinson to access the CoStar databases (i.e. that David Atkinson did not have a right to further authorize others acting on behalf of his business to access CoStar databases), and that David Atkinson and/or Atkinson did not access the CoStar computer servers exclusively from the Resource Realty licensed site as provided for in that agreement.

[2] The background facts regarding CoStar and its databases are set forth in CoStar's memorandum in opposition to Resource Realty's motion and in the declaration of Scott Zebrak submitted therewith. At appropriate points in this Memorandum, additional facts relevant to Atkinson are taken from the declaration of Steve Williams submitted herewith.

*I.    Atkinson Repeatedly Consented to Jurisdiction by Accepting CoStar's "Terms of Use"*

Atkinson is subject to the personal jurisdiction of this Court because it agreed on each occasion it accessed the CoStar computer servers to litigate disputes relating to its use of CoStar's computer servers in this Court. Atkinson's memorandum and David Atkinson's declaration ignore the following critical facts alleged in the Complaint:

- An Authorized User of CoStar computer servers (also referred to as CoStar databases) must first input a valid user identification and password at the "Customer Login Area" to gain access. (Complaint ¶17.)

- During the time relevant to the Complaint, the login area of CoStar's service contained prominent notices advising the user <u>on each occasion of their use</u> that "By logging in you are agreeing to CoStar's <u>terms of use</u>." (Complaint ¶17.)

- An Authorized user of CoStar's services must scroll through and "accept" the applicable online "Terms of Use" the first time they use a product and periodically thereafter. (Complaint ¶18.)

- A warning on the bottom of CoStar's homepage reminds users that use of the site constitutes agreement to the Terms of Use. (Complaint ¶18.)

- The Terms of Use in effect during the time relevant to this case provided that the user "irrevocably consent[s] to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce these Terms of Use." (Complaint ¶23.)

As CoStar already set out in response to Resource Realty's motion, it cannot be disputed in this case that a forum selection clause like this is valid and an appropriate basis upon which this Court can

exercise personal jurisdiction. *See Koch v. America Online, Inc.*, 139 F. Supp. 2d 690, 692-5 (D. Md. 2000) (enforcing forum selection clause contained in AOL's online terms of service); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) ("[a] valid forum selection clause [should be] given weight in all but the most exceptional cases."); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced..."). Not surprisingly, none of the cases Atkinson cited in its brief stands for the contrary proposition.

## II. *Atkinson's Argument That Its Conduct Was Permitted Under Resource Realty's Agreement With CoStar Further Demonstrates That Personal Jurisdiction Is Appropriate*

Atkinson expends a significant portion of its memorandum attempting to place its conduct in a light that it believes would fit within the license agreement between CoStar and Resource Realty. Putting aside the contorted nature of Atkinson's exercise (see discussion in the Introduction above), and ignoring the fact that the so-called "joint venture" is not mentioned in any document relating to the agreement between CoStar and Resource Realty that CoStar has ever seen, when Atkinson claims rights under the agreement he concedes, at minimum, constructive knowledge of the contents of that agreement. As discussed at greater length in CoStar's Memorandum in Opposition to Resource Realty's motion, the August 2004 agreement stated:

> This Agreement shall be construed under the laws of the State of Maryland ...
> The parties irrevocably consent to the exclusive jurisdiction of the federal and state courts located in the State of Maryland for the purpose of any action brought in connection with this Agreement or the use of the Licensed Product...

If Atkinson was a joint venturer with Resource Realty, as it claims, how could it not be bound by this agreement? Indeed, and in any event, it cannot be seriously disputed that this provision – like the Terms of Use above – puts Atkinson on notice that its use of CoStar's computer servers could hale it into a Maryland Court in the event a dispute arises out of that use. That is precisely what has happened here.

Notwithstanding Atkinson's arguments to the contrary, it is axiomatic that a federal district court may exercise personal jurisdiction over a non-resident defendant where an applicable state long arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 768 (D. Md. 2004) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)). Atkinson's contacts with Maryland are such that all times relevant to this case it should have reasonably anticipated being haled into court here. *Id.* (citations omitted).

Indeed, Atkinson should not be permitted to bury its head in the sand and claim that it had no reason to believe that its conduct implicated Maryland jurisdiction. Maryland's long-arm statute confers specific jurisdiction, among other things, where a party transacts business in the state or causes tortious injury in the state. Md. Code Ann. § 6-103(b)(1),(3) and (4). Here, there are contracts that Atkinson was directly a party to (the Terms of Use) and others that it had (at least constructive) knowledge of that are inextricably tied to Maryland and set venue for this dispute in Maryland.

How Atkinson expects that its making unauthorized access to Maryland servers under Maryland contracts is not the purposeful direction of activities to Maryland strains credulity: it is the direction of activities at forum residents and a fair warning that it might be subject to a forum's jurisdiction. *Id.* (citations omitted); *Cole-Tuve, Inc. v. Amer. Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) (foreign defendants who intentionally harm residents of the forum state subject to personal jurisdiction); *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 692-3 (D. Md. 2002) ("strongest factor" in deciding whether personal jurisdiction is based upon business activities directed at forum residents, is whether defendant initiated contact with forum residents). Indeed, even the contact information on CoStar's website directs users to CoStar in Bethesda, Maryland. *See* http://www.costar.com/Contacts/.

Just like Resource Realty, Atkinson improperly accessed CoStar's Maryland computer servers and directed its improper conduct at CoStar, which is headquartered in Maryland and suffered damages in Maryland due to Defendants' conduct. Moreover, as discussed in the accompanying declaration of Steve Williams, employees of Atkinson made numerous phone calls to CoStar's Bethesda, Maryland headquarters, using the information Atkinson improperly obtained from CoStar. In these phone calls, Atkinson employees used false identification to solicit business leads for its own clients (and, perhaps to further attempt to hide the fact that Atkinson had improperly accessed CoStar's computer servers). In sum, Atkinson's efforts involved computer servers located in Maryland and CoStar's Maryland personnel. (*See also* Zebrak Decl., ¶ 7). Thus, there are ample reasons to exercise personal jurisdiction over Atkinson with regard to this lawsuit.

## CONCLUSION

For the foregoing reasons, CoStar respectfully requests that Defendant Atkinson's motion to dismiss be denied.

Dated: August 14, 2006

_____
Hugh J. Marbury (Fed. Bar No. 24653)
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000
410-580-3001 (facsimile)

Keith Medansky
Alan S. Dalinka
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1263
312-368-4000
312-236-7516 (facsimile)

Attorneys for Plaintiffs CoStar Realty Information and CoStar Group, Inc.