IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., et al. | * |
| | * |
| Plaintiffs, | |
| v. | * |
| | Case No.: 8:06-CV-00655-PJM |
| ATKINSON HUNT, et al. | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS COMPLAINT</u>**

Defendant Atkinson Hunt ("Atkinson"), by its counsel, submits this Reply Memorandum in Support of Motion to Dismiss Complaint replying to Plaintiffs' Response in Opposition to Defendant Atkinson Hunt's Motion to Dismiss. Atkinson reasserts its position that this Court lacks personal jurisdiction over Atkinson, and says as follows:

**I.    CONTEXT OF THIS ACTION.**

Plaintiffs' Complaint claims three bases for personal jurisdiction in Maryland over Atkinson: (1) that Atkinson committed certain alleged tortious acts with foreseeable consequences in the State of Maryland; (2) that Atkinson agreed to the Terms of Use on the www.costar.com website and thereby consented to jurisdiction in Maryland; and (3) that Atkinson repeatedly directed electronic activity and interacted with CoStar's computer servers in Bethesda, Maryland. <u>See</u> Complaint at ¶ 9.

In Plaintiffs' Response in Opposition to Defendant Atkinson Hunt's Motion to Dismiss, Plaintiffs reiterate their position, as argued in the Complaint, that access to CoStar's Maryland-

based servers is sufficient, under both contract and by the very act of access, to subject Atkinson to the jurisdiction of this Court. See Plaintiffs' Response at 1-2. Plaintiffs argue that Atkinson consented to jurisdiction by accepting CoStar's terms of use and that, because of its argument that its conduct was permitted under Resource Realty's agreement with CoStar, it is also therefore subject to personal jurisdiction in Maryland. Id.

Plaintiffs' arguments are unsupported by fact and run contrary to existing law, and Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

## II. PLAINTIFFS HAVE NOT ESTABLISHED CONTACTS BETWEEN ATKINSON AND THE STATE OF MARYLAND SUFFICIENT TO GIVE RISE TO PERSONAL JURISDICTION

Plaintiffs argue that, by its actions, Atkinson agreed to personal jurisdiction in Maryland. Because there was no contract between Plaintiffs and Atkinson, and because Plaintiffs' own arguments that Atkinson's access was unauthorized are inconsistent with Plaintiffs' position that a contract existed, Plaintiffs have not properly established a basis for jurisdiction in Maryland.

There is no dispute that Atkinson was not a party to the Resource Realty-CoStar license agreement, other than being named as an authorized user. Assuming Plaintiffs are correct in their assertion that Atkinson was never an authorized user under the Resource Realty-CoStar agreement, Plaintiffs' argument that Atkinson breached a contract (Complaint at ¶ 40) is flawed as it attempts to argue that the very act which supports its claim that a contract was formed (Atkinson's access to and use of the CoStar database) is also the same act that gives rise to its claim that the contract was breached. Other than the alleged contracts to which Plaintiffs claim Atkinson was a party or had knowledge of, and the fact that Atkinson, while in New Jersey, accessed computers located in Maryland, Plaintiffs have been unable to cite to any other contacts

between Atkinson and the State of Maryland which would serve to give rise to jurisdiction in Maryland.

The fact that Atkinson merely had knowledge of an agreement to which it was not a party (and under which, according to Plaintiffs, it was not an authorized user), is insufficient to serve as a basis for jurisdiction in Maryland, despite Plaintiffs' argument that such knowledge would suffice for purposes of personal jurisdiction (Plaintiffs' Response at 2). Personal jurisdiction, as previously briefed in Atkinson's Motion to Dismiss, requires either specific or general jurisdiction over a prospective party. See Atkinson's Motion to Dismiss at 4. In this case, mere knowledge of terms of agreement between third parties does not support an argument of either specific or general jurisdiction.

A. Plaintiffs Have Failed To Establish Jurisdiction In Maryland

Plaintiffs have not alleged any facts which would establish contacts in Maryland sufficient to give rise to personal jurisdiction over Atkinson. As previously set forth in Atkinson's Motion to Dismiss and supporting memorandum, virtually all relevant witnesses, evidence, and occurrences all took place outside of the State of Maryland, and Plaintiffs cannot in good faith argue otherwise.

Plaintiffs' arguments with respect to Resource Realty and Atkinson's joint venture appear to be confused or to misconstrue the facts. While Resource Realty and Atkinson had been in discussions with respect to a joint venture (which never ultimately materialized) (Atkinson Declaration at ¶ 8), that fact does not impute "constructive knowledge" of the contents of an agreement which Atkinson clearly states he never received. Id. at ¶ 6. Plaintiffs' assertion that, if Atkinson were a prospective joint venturer with Resource Realty, then it should be bound

3

by the forum selection provision contained in Plaintiffs' agreement with Resource Realty is similarly confused; the fact that the parties were in a prospective joint venture may explain Resource Realty's actions in seeking to license use of the CoStar database from Plaintiffs, but agreements entered into solely in one party's name (and not the name of a joint venture) may bind Resource Realty but do not bind Atkinson.

Plaintiffs' further argument that Maryland's long-arm statute will confer specific jurisdiction over Atkinson in Maryland where, at best, Atkinson is party to or knows of contracts which are "inextricably tied to Maryland" must also fail. Plaintiffs have failed to show how the contracts referenced by Plaintiffs (the website Terms of Use and the Resource Realty-CoStar License Agreement) are "inextricably tied to Maryland." The fact that Plaintiffs' computer servers are located in Maryland does not create such an inextricable tie when all facts relevant to the formation of the contract occurred in New Jersey. Plaintiffs have ignored the fact that the only state in which all parties may be found is New Jersey, that Resource Realty interacted with and purchased its license through Plaintiffs' New Jersey sales office, and that all alleged access to the CoStar database originated in and from New Jersey, among other things. The fact that Plaintiffs' Complaint claims violation of New Jersey law for unauthorized access further supports Atkinson's argument that Maryland is not the proper venue for this case.

B.  <u>Atkinson Lacks Any Significant Contacts With Maryland</u>

Mere access to a computer server in Maryland is also insufficient to give rise to personal jurisdiction in Maryland, and recent cases demonstrate that, even regular, more significant contacts are also insufficient to give rise to personal jurisdiction. For instance, "[o]rdering a product or service by telephone from a company in a different state does not subject the

4

customer to that state's jurisdiction." See Stover v. O'Connell Associates Inc., 84 F.3d 132, 137 (4th Cir. 1996). Even more persistent, regular contacts have been held to be insufficient to give rise to personal jurisdiction. In Diamond Healthcare v. Humility of Mary Health, 229 F.3d 448 (4th Cir. 2000), defendant's mailing of payments to Virginia, numerous calls, letters, and faxes into Virginia, and a sustained, four-year relationship between the parties were held to be insufficient minimum contacts between defendant and the State of Virginia for purposes of personal jurisdiction.

Atkinson's limited use of the CoStar database, for which it was an authorized user, is described in the Declaration of David R. Atkison as a use for "evaluation" purposes. See Atkinson Declaration at ¶ 7. While the fact that Atkinson and Resource Realty did not continue their use of the CoStar database may have likely been a result of the fact that the database contains "fictional" information, "incorrect" information or information about "nonexistent" properties (Williams Declaration at ¶ 3), contrary to Plaintiffs' arguments, under Maryland law, the act of making telephone calls into Maryland by Atkinson is insufficient for purposes of establishing personal jurisdiction. See, e.g., Stover, 84 F.3d at 137.

## III. CONCLUSION

Defendant Atkinson Hunt respectfully requests that the Court grant its Motion to Dismiss and dismiss all counts of the Complaint.

                                                  /s/
                                   Michael S. Yang (Bar No. 25951)
                                   Francis J. Gorman (Bar No. 00690)
                                   **GORMAN & WILLIAMS**
                                   Two North Charles Street
                                   Baltimore, Maryland 21201-3754
                                   Telephone: (410) 528-0600
                                   Facsimile: (410) 528-0602

*Attorneys for Defendant Atkinson Hunt*