IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., et al. | * |
| | * |
| Plaintiffs, | |
| v. | * |
| | Case No.: 8:06-CV-00655-PJM |
| ATKINSON HUNT, et al. | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \*

**<u>ANSWER AND DEMAND FOR JURY TRIAL FILED BY ATKINSON HUNT</u>**

Laser Marketing, Inc., trading under the name "Atkinson Hunt," answers the Amended Complaint filed against it by CoSTAR REALTY INFORMATION, INC. and CoSTAR GROUP, INC. (collectively "CoStar"), and says as follows:

1. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Amended Complaint and therefore denies the averments.

2. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Amended Complaint and therefore denies the averments.

3. Atkinson Hunt denies that it is a New Jersey corporation. Atkinson Hunt is a tradename of Laser Marketing, Inc., a New Jersey corporation with its principal place of business in Cherry Hill, New Jersey.

4. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Amended Complaint and therefore denies the averments.

5. Atkinson Hunt is not required to respond to the jurisdictional averments in paragraph 5 of the Amended Complaint.

6. Atkinson Hunt is not required to respond to the jurisdictional averments in paragraph 6 of the Amended Complaint.

7. Atkinson Hunt is not required to respond to the jurisdictional averments in paragraph 7 of the Amended Complaint.

8. Atkinson Hunt is not required to respond to the jurisdictional averments in paragraph 8 and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 8 of the Amended Complaint and therefore denies those averments.

9. Atkinson Hunt denies the averments in paragraph 9 of the Amended Complaint.

10. Atkinson Hunt denies the averments in paragraph 10 of the Amended Complaint.

11. Atkinson Hunt admits that James R. Davis is the president and sole owner of Resource Realty, but Atkinson Hunt is without knowledge or information sufficient to form a belief as to whether Resource Realty is a brokerage firm.

12. Atkinson Hunt's principal business involves the generation of sales leads for businesses. Atkinson Hunt does not license or sell data, business information, or lists of information. David R. Atkinson is the president, secretary, and sole stockholder

of Laser Marketing, Inc. Except as specifically stated in this paragraph 12, Atkinson Hunt denies the averments in paragraph 12 of the Amended Complaint.

13. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Amended Complaint and therefore denies the averments.

14. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Amended Complaint and therefore denies the averments.

15. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Amended Complaint and therefore denies the averments.

16. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Amended Complaint and therefore denies the averments.

17. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Amended Complaint and therefore denies the averments.

18. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Amended Complaint and therefore denies the averments.

19. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Amended Complaint and therefore denies the averments. Moreover, the averment in paragraph 19 does not state a date.

20. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Amended Complaint and therefore denies the averments. Moreover, the averment in paragraph 20 does not state a date.

21. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Amended Complaint and therefore denies the averments. Moreover, the averment in paragraph 21 does not state a date.

22. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Amended Complaint and therefore denies the averments. Moreover, the averment in paragraph 22 does not state a date.

23. Atkinson Hunt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of the Amended Complaint and therefore denies the averments. Moreover, the averment in paragraph 23 does not state a date.

24. Atkinson admits that Resource Realty of Southern NJ entered into a CoStar License Agreement Subscription Form with CoStar Group signed by the president of Resource Realty on August 19, 2004. Atkinson Hunt further admits that this License Agreement Subscription Form purported to supersede a license agreement between Resource Realty and CoStar that had been signed on November 24, 2003, except as to certain terms. Except as specifically admitted in this paragraph 24, Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 24.

25. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Amended Complaint and therefore denies the averments.

26. Atkinson Hunt admits that Sections 1, 2, 3, 12 and 13 of the CoStar Resource License Agreement Subscription Form are in writing and speak for themselves. Except as admitted in this paragraph 26, Atkinson Hunt denies the averments in Paragraph 26 of the Amended Complaint.

27. Atkinson Hunt denies the averments of paragraph 27 of the Amended Complaint.

28. Atkinson Hunt denies the averments of paragraph 28 of the Amended Complaint.

29. Atkinson Hunt denies the averments of paragraph 29 of the Amended Complaint.

30. Atkinson Hunt denies the averments of paragraph 30 of the Amended Complaint.

31. Atkinson Hunt denies the averments of paragraph 31 of the Amended Complaint.

32. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 32 of the Amended Complaint and therefore denies the averments.

33. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 33 of the Amended Complaint and therefore denies the averments.

34. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 34 of the Amended Complaint and therefore denies the averments.

35. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 35 of the Amended Complaint and therefore denies the averments.

36. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 36 of the Amended Complaint and therefore denies the averments.

37. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 37 of the Amended Complaint and therefore denies the averments.

38. Atkinson Hunt denies the averments of paragraph 38 of the Amended Complaint.

39. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 39 of the Amended Complaint and therefore denies the averments.

40. Atkinson Hunt denies the averments of paragraph 40 of the Amended Complaint.

41. Atkinson Hunt is without knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 41 of the Amended Complaint and therefore denies the averments.

42. Atkinson Hunt incorporates its responses to paragraphs 1 to 41 of the Amended Complaint.

43. Atkinson Hunt denies the averments of paragraph 43 of the Amended Complaint.

44. Atkinson Hunt denies the averments of paragraph 44 of the Amended Complaint.

45. Atkinson Hunt denies the averments of paragraph 45 of the Amended Complaint.

46. Atkinson Hunt denies the averments of paragraph 46 of the Amended Complaint.

47. Atkinson Hunt denies the averments of paragraph 47 of the Amended Complaint.

48. Atkinson Hunt incorporates its responses to paragraphs 1 to 47 of the Amended Complaint.

49. Atkinson Hunt denies the averments of paragraph 49 of the Amended Complaint.

50. Atkinson Hunt denies the averments of paragraph 50 of the Amended Complaint.

51. Atkinson Hunt denies the averments of paragraph 51 of the Amended Complaint.

52. Atkinson Hunt denies the averments of paragraph 52 of the Amended Complaint.

53. Atkinson Hunt denies the averments of paragraph 53 of the Amended Complaint.

54. Atkinson Hunt incorporates its responses to paragraphs 1 to 53 of the Amended Complaint.

55. Atkinson Hunt denies the averments of paragraph 55 of the Amended Complaint.

56. Atkinson Hunt denies the averments of paragraph 56 of the Amended Complaint.

57. Atkinson Hunt denies the averments of paragraph 57 of the Amended Complaint.

58. Atkinson Hunt denies the averments of paragraph 58 of the Amended Complaint.

59. Atkinson Hunt incorporates its responses to paragraphs 1 to 58 of the Amended Complaint.

60. Atkinson Hunt denies the averments of paragraph 60 of the Amended Complaint.

61. Atkinson Hunt denies the averments of paragraph 61 of the Amended Complaint.

62. Atkinson Hunt denies the averments of paragraph 62 of the Amended Complaint.

63. Atkinson Hunt denies the averments of paragraph 63 of the Amended Complaint.

64. Atkinson Hunt incorporates its responses to paragraphs 1 to 58 of the Amended Complaint.

65. Atkinson Hunt denies the averments of paragraph 65 of the Amended Complaint.

66. Atkinson Hunt incorporates its responses to paragraphs 1 to 65 of Amended Complaint.

67. Atkinson Hunt denies the averments of paragraph 67 of the Amended Complaint.

68. Atkinson Hunt denies the averments of paragraph 68 of the Amended Complaint.

## **ADDITIONAL AND AFFIRMATIVE DEFENSES**

69. This Court lacks jurisdiction over Atkinson Hunt.

70. This District is not a proper venue for this action.

71. The Amended Complaint fails to state a cause of action upon which relief can be granted.

72. CoStar lacks privity with Atkinson Hunt.

73. CoStar has unclean hands, and CoStar has otherwise conducted its activities and business in an inequitable manner.

74. CoStar acted with contributory negligence.

75. CoStar is estopped by its own conduct .

76. CoStar's data and information are merely publicly available data and information. CoStar therefore offers and gives no consideration in and for the contracts it makes with its customers.

77. CoStar's terms of use and subscription agreement forms are contracts of adhesion.

78. CoStar's terms of use and subscription agreement forms are unenforceable.

79. CoStar's terms of use and subscription agreement forms are so one-sided as to be unconscionable and unenforceable.

80. CoStar is barred by laches.

81. CoStar is barred by limitations.

82. CoStar's terms of use and subscription agreement forms are not compatible with UCITA and therefore are unenforceable.

83. CoStar has no damages.

84. CoStar is seeking to create damages by running up attorney's fees and expenses in this litigation in order to claim damages.

85. CoStar has failed to mitigate damges.

WHERFORE, having fully responded, Atkinson Hunt prays that CoStar' Amended Complaint be dismissed, that Atkinson Hunt be awarded its attorney's fees and costs, and that Atkinson Hunt be granted such other and further relief as may be just, necessary, or otherwise appropriate.

_____
Francis J. Gorman, P.C.
Michael S. Yang
Gorman & Williams
Two North Charles Street
Baltimore, Maryland  21201
(410) 528-0600 (telephone)
(410) 528-0602 (facsimile)

## DEMAND FOR JURY TRIAL

Defendant Atkinson Hunt demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

>	_____/s/_____
>	Francis J. Gorman, P.C.
>	Michael S. Yang
>	Gorman & Williams
>	Two North Charles Street
>	Baltimore, Maryland  21201
>	(410) 528-0600 (telephone)
>	(410) 528-0602 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2006, a copy of the foregoing Answer to Amended Complaint and were filed and served in accordance with the Court's CM/ECF guidelines upon:

>	Alan Saul Dalinka
>	DLA Piper Rudnick Gray Cary US LLP
>	203 N. LaSalle St., Ste 1900
>	Chicago, Illinois 60601
>
>	Hugh J. Marbury
>	DLA Piper Rudnick Gray Cary US LLP
>	6225 Smith Avenue
>	Baltimore, Maryland  21209-3600
>
>	Keith R. Truffer
>	Royston Mueller McLean and Reid LLP
>	102 W. Pennsylvania Ave., Ste. 600
>	Towson, Maryland  21204
>	Attorney for Defendant Resource Realty of Southern New Jersey

>	_____/s/_____
>	Francis J. Gorman