IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CoSTAR REALTY INFORMATION, INC., a Delaware Corporation, 2 Bethesda Metro Center, 10th Floor Bethdsda, Maryland 20814<br><br>and<br><br>CoSTAR GROUP, INC., a Delaware Corporation, 2 Bethesda Metro Center, 10th Floor Bethesda, Maryland 20814,<br><br>     Plaintiffs,<br><br>v.<br><br>ATKINSON HUNT, a New Jersey Corporation, 4300 Haddonfield Road Pennsauken, NJ 08109<br><br>and<br><br>RESOURCE REALTY OF SOUTHERN NEW JERSEY, a New Jersey Corporation, 124 East Camden Avenue Moorestown, New Jersey 08057<br><br>     Defendants. | Civil No. PJM 06-655 |

## ANSWER, DEFENSES AND CROSS CLAIMS

Defendant RESOURCE REALTY OF SOUTHERN NEW JERSEY, a New Jersey Corporation, (hereinafter "Resource Realty") for their Answer and Affirmative Defenses to the Amended Complaint states as follows:

CoStar Realty Information, Inc. et al v. Atkinson

## PARTIES

1. Defendant Resource Realty denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant Resource Realty denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant Resource Realty denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant Resource Realty admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant makes no response to Paragraph 5, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

6. Defendant Resource Realty denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant Resource Realty denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Resource Realty denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant Resource Realty makes no response to Paragraph 9, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant Resource Realty denies the allegations contained in Paragraph 10 of the Complaint.

## BACKGROUND

11. Defendant Resource Realty admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant Resource Realty makes no response to Paragraph 12, as same contains no allegations addressed to Resource Realty, however, should they be so

construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant Resource Realty makes no response to Paragraph 13, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant Resource Realty makes no response to Paragraph 14, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant Resource Realty makes no response to Paragraph 15, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant Resource Realty makes no response to Paragraph 16, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant Resource Realty makes no response to Paragraph 17, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

18. Defendant Resource Realty makes no response to Paragraph 18, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

19. Defendant Resource Realty makes no response to Paragraph 19, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

20. Defendant Resource Realty makes no response to Paragraph 20, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

21. Defendant Resource Realty makes no response to Paragraph 21, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

22. Defendant Resource Realty makes no response to Paragraph 23, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

23. Defendant Resource Realty makes no response to Paragraph 23, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

24. Defendant Resource Realty admits the allegations contained in Paragraph 24 of the Complaint to the extent that it provides Resource Realty signed a License Agreement for access to CoStar's listings, but denies the allegations to the extent that the same is meant to convey that whether a valid agreement had been entered into between the parties.

25. Defendant Resource Realty admits the allegations contained in Paragraph 25 of the Complaint to the extent that it used and paid for license fees pursuant to the document that Resource Realty executed, but denies the allegations to the extent that the term "CoStar database services licensed thereunder" relates to any unknown and unilateral modifications by CoStar to the document signed by Resource Realty.

26. Defendant Resource Realty admits the allegations contained in Paragraph 26 of the Complaint in relation to subsections (a), (b) and (c) but without deference to how CoStar may define the terms "third parties" or "others with Resource Realty-specific user ID's" in subsections (a) and (c) respectively, and Resource Realty denies the allegations contained in subsection (d).

27. Defendant Resource Realty denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Resource Realty denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant Resource Realty makes no response to Paragraph 29, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

30. Defendant Resource Realty makes no response to Paragraph 30, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant Resource Realty makes no response to Paragraph 31, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant Resource Realty admits the allegations contained in Paragraph 32 of the Complaint to the extent that Resource Realty and CoStar would have had communications during the pertinent period of time, denies having sufficient information

to form a belief as to any level of "exporting" that occurred, and denies CoStar's characterization of the substance of any communications.

33. Defendant Resource Realty admits the allegations contained in Paragraph 33 of the Complaint to the extent that Resource Realty received an e-mail message during the pertinent period of time, denies having sufficient information to form a belief as to any level of "exporting" that occurred, and denies CoStar's characterization of the substance of any communications.

34. Defendant Resource Realty admits the allegations contained in Paragraph 34 of the Complaint to the extent that Resource Realty sent an e-mail message during the pertinent period of time, but denies CoStar's characterization of the substance of any such communication.

35. Defendant Resource Realty admits the allegations contained in Paragraph 35 of the Complaint to the extent that communications between the parties occurred during the pertinent period of time, but denies CoStar's characterization of the substance of any such communication.

36. Defendant Resource Realty admits the allegations contained in Paragraph 36 of the Complaint to the extent that it provides the use of the CoStar service by Resource Realty continued during the relevant period of time, but denies the remaining characterizations and allegations.

37. Defendant Resource Realty admits the allegations contained in Paragraph 37 of the Complaint to the extent that communications between the parties occurred during the pertinent period of time, but denies CoStar's characterization of the substance of any such communication.

38. Defendant Resource Realty makes no response to Paragraph 38, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

39. Defendant Resource Realty admits the allegations contained in Paragraph 39 of the Complaint to the extent that communications between the parties occurred during the pertinent period of time, but denies CoStar's characterization of the substance of any such communication.

40. Defendant Resource Realty makes no response to first sentence of Paragraph 40, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs. Defendant Resource Realty denies the remaining allegations and CoStar's characterizations contained in the second sentence of that paragraph.

41. Defendant Resource Realty makes no response to Paragraph 41, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

## COUNT I
## BREACH OF CONTRACT BY DEFENDANTS

42. Defendant Resource Realty repeats its answers to each and every allegation contained in Paragraphs 1 through 41 of the Complaint as if fully set forth at length herein.

43. With respect to paragraph 43 of the Amended Complaint, Defendant notes that this paragraph states a legal conclusion to which no answer is required.

44. With respect to paragraph 44 of the Amended Complaint, Defendant notes that this paragraph states a legal conclusion to which no answer is required, however, to the extent any portion of this paragraph should be construed to contain factual assertions, this Defendant denies the same and leaves Plaintiff to its proofs.

45. Defendant Resource Realty makes no response to Paragraph 45, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

46. Defendant Resource Realty denies the allegations and CoStar's characterizations thereof, contained in Paragraph 46 of the Amended Complaint.

47. Defendant Resource Realty denies the allegations and CoStar's characterizations thereof, contained in Paragraph 47 of the Amended Complaint.

## COUNT II
## FRAUD BY DEFENDANTS

48. Defendant Resource Realty repeats its answers to each and every allegation contained in Paragraphs 1 through 47 of the Complaint as if fully set forth at length herein.

49. Defendant Resource Realty makes no response to Paragraph 49, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

50. Defendant Resource Realty makes no response to Paragraph 50, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

51. Defendant Resource Realty makes no response to the first sentence of Paragraph 51, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs. Defendant Resource Realty denies the allegations contained in the second sentence of that paragraph.

52. Defendant Resource Realty denies the allegations and CoStar's characterizations thereof, contained in Paragraph 52 of the Amended Complaint.

53. Defendant Resource Realty denies the allegations contained in Paragraph 53 of the Amended Complaint.

## COUNT III
## VIOLATION BY ATKINSON HUNT OF 18 U.S.C. § 1030:
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

54. Defendant Resource Realty repeats its answers to each and every allegation contained in Paragraphs 1 through 53 of the Complaint as if fully set forth at length herein.

55. Defendant Resource Realty makes no response to Paragraph 55, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

56. Defendant Resource Realty makes no response to Paragraph 56, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

57. Defendant Resource Realty makes no response to Paragraph 57, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

58. Defendant Resource Realty makes no response to Paragraph 58, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT AND
## PROSPECTIVE BUISINESS RELATIONSHIP BY ATKINSON HUNT

59. Defendant Resource Realty repeats its answers to each and every allegation contained in Paragraphs 1 through 58 of the Complaint as if fully set forth at length herein.

60. Defendant Resource Realty makes no response to Paragraph 60, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

61. Defendant Resource Realty makes no response to Paragraph 61, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

62. With respect to paragraph 62 of the Amended Complaint, Defendant notes that this paragraph states a legal conclusion to which no answer is required

63. Defendant Resource Realty makes no response to Paragraph 63, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

64. Defendant Resource Realty makes no response to Paragraph 64, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

65. Defendant Resource Realty makes no response to Paragraph 65, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

## COUNT V
## NEW JERSEY STATE CODE SECTION 2A:38A-3
## COMPUTER RELATED OFFENSES BY ATKINSON HUNT

66. Defendant Resource Realty repeats its answers to each and every allegation contained in Paragraphs 1 through 65 of the Complaint as if fully set forth at length herein.

67. Defendant Resource Realty makes no response to Paragraph 67, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

68. Defendant Resource Realty makes no response to Paragraph 68, as same contains no allegations addressed to Resource Realty, however, should they be so construed, this Defendant denies the same and leaves Plaintiff to its proofs.

### Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim upon which this Court may grant relief.

### Second Affirmative Defense

The Complaint requests relief to which the Plaintiffs are not entitled.

### Third Affirmative Defense

Setoff or recoupment bars all or part of the Complaint.

### Fourth Affirmative Defense

The allegations and claims set forth in the Amended Complaint are barred, in whole or in part, by the applicable Statute of Limitations

### Fifth Affirmative Defense

The relief sought by Plaintiffs is barred by Plaintiff's own breach of the contract between Resource Realty and Plaintiffs or other conduct, to the extent that any agreement existed.

### Sixth Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by lack of jurisdiction.

### Seventh Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by the improper venue of this action.

### Eighth Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by the Doctrine of Estoppel.

### Ninth Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by the Doctrine of Waiver.

### Tenth Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by Debtors' bad faith.

### Eleventh Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by the Doctrine of Unclean Hands.

### Twelfth Affirmative Defense

The relief sought by Plaintiffs against Defendant Resource Realty is barred by Plaintiff's failure to met one or more conditions precedent in the proposed License Agreement between Resource Realty and Plaintiffs.

### Thirteenth Affirmative Defense

If the Plaintiff sustained any damages, then said damages were caused in whole or in part by their own culpable conduct, including but not limited to negligence, assumption of the risk, and breach of contract, and the amount of damages otherwise recoverable in this action should be reduced and diminished correspondingly.

### Fourteenth Affirmative Defense

The Plaintiffs' Complaint and all liability and damages alleged therein for non-economic loss shall be controlled, limited and subject to the applicable civil law practices and rules in relation to persons jointly liable.

### Fifteenth Affirmative Defense

The Defendant demands that any award to Plaintiff be reduced by amounts that have been or will be reimbursed from collateral sources.

### Sixteenth Affirmative Defense

To the extent that Plaintiff is able to prove the allegations with respect to any claim, injury, and damages, all of which Defendant denies, any such injuries and/or damages to Plaintiff were solely the result of intervening, interceding, and/or superseding actions of third parties over whom Defendant had no control or right of control.

### Seventeenth Affirmative Defense

All causes of action asserted in the Complaint against Resource Realty fail to state a claim upon which an award of punitive damages may be made, or for which an award of punitive damages would be constitutional.

### Eighteenth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

### Nineteenth Affirmative Defense

Any express and implied obligations alleged by the Plaintiff to have been undertaken by Defendant, if undertaken at all, were expressly disclaimed and excluded by prior notices, and the terms of the Licensing Agreement as submitted at the time signed by Resource Realty, other alleged statements, express or implied, concerning the Licensing Agreement and/or purported unauthorized users were not part of a valid agreement.

### Twentieth Affirmative Defense

The Plaintiffs failed to give notice to Defendant Resource Realty within a reasonable time, of the claimed breach of contract alleged in the Amended Complaint, in a manner and form that would enable Defendant Resource Realty to investigate and correct any asserted breach in a manner that would mitigate any potential damages.

### Twenty-First Affirmative Defense

Plaintiff and/or others unknown to Resource Realty modified, altered or changed the Licensing Agreement signed by Defendant Resource Realty that is referred to in the Amended Complaint, if any agreement existed, so that such changes in any said obligations or authorized users caused Plaintiff's injuries, loss and damages, if any, and thereby the Defendant is not liable.

### Twenty-Second Affirmative Defense

Plaintiffs had a separate and affirmative duty to notify Resource Realty, of any change to the Licensing Agreement that had been signed by Resource Realty. By reason of the foregoing, Plaintiffs' failure to discharge said duty directly and proximately caused any and all damages and injuries, if any, complained of by Plaintiff.

### Twenty-Third Affirmative Defense

The relief sought by Plaintiff against Defendant is barred by the doctrine of Good Faith and Fair Dealing.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, if any, as required by law.

### Twenty-Fifth Affirmative Defense

The relief sought by plaintiff against defendant is barred due to a failure of consideration.

### Twenty-Sixth Affirmative Defense

The Defendant refers to, alleges and adopts such other defenses as may have been raised by any of the other Defendants to this proceeding.

### Twenty-Seventh Affirmative Defense

Defendant Resource Realty reserves all defenses that they may have available, and reserves their right to raise those defenses at any point in this proceeding.

WHEREFORE, Answering Defendants respectfully request this Court to enter judgment dismissing Plaintiffs' Amended Complaint together with interest, attorneys' fees, cost of suit and any other relief this Court deems equitable and just.

## CROSS CLAIMS

Defendant/Crossclaimant, Resource Realty (hereinafter "Crossclaimant"), by way of crossclaim against Defendant Atkinson Hunt, says:

## FIRST COUNT
(Contribution)

This Crossclaimant denies any and all liability whatsoever, and this Counterclaimant demands contribution from Defendant Atkinson Hunt named in the Amended Complaint pursuant to any common law right of contribution, the Comparative Negligence Act, N.J.S.A. 24:15-1.1 et seq. and/or the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53a-1, et seq.

WHEREFORE, this Crossclaimant demands judgment against Defendant Atkinson Hunt, individually, jointly and/or severally, for:

(A) Compensatory and consequential damages;
(B) Attorneys fees and expenses;
(C) Costs of suit; and
(D) Such other relief as the Court may deem just.

## SECOND COUNT
(Indemnification)

Although this Crossclaimant denies any and all liability whatsoever, this Crossclaimant alleges that should liability be imposed upon it, such liability would be merely secondary, passive, vicarious or imputed to the primary liability of Defendant Atkinson Hunt, which was active and primary and the cause of any and all damages

alleged to have been sustained by the Plaintiff, and this Crossclaimant demands indemnification from Defendant Atkinson Hunt, pursuant to any applicable provision of common law or contractual indemnification, for the amount of any judgment against this Crossclaimant, and for any and all counsel fees and costs incurred in connection with this matter.

WHEREFORE, this Crossclaimant demands judgment against Defendant Atkinson Hunt, individually, jointly and/or severally, for:

(A) Compensatory and consequential damages;
(B) Attorneys fees and expenses;
(C) Costs of suit; and
(D) Such other relief as the Court may deem just.

_/s/ Keith R. Truffer_
Keith R. Truffer, Bar No. 01153
Royston, Mueller, McLean & Reid, LLP
102 W. Pennsylvania Ave., Suite 600
Towson, MD 21204
(410) 823-1800
Attorneys for Defendant, Resource
Realty of Southern New Jersey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2006, a copy of the foregoing Answer, Defenses and Cross Claims, and the electronic notice of filing were mailed, first class mail, postage prepaid, to the parties listed below, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to such party:

Alan Saul Dalinka, Esquire
Keith William Medansky, Esquire
DLA Piper Rudnick Gray Cary US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

Hugh J. Marbury, Esquire
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Attorneys for Plaintiff CoStar Group, Inc.

Michael Sean Young, Esquire
Francis Joseph Gorman, Esquire
Gorman and Williams, PC
Two North Charles Street, Suite 750
Baltimore, MD 21201

Attorneys for Defendant Atkinson Hunt

                                           */s/ Keith R. Truffer*
                                           Keith R. Truffer