IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ATKINSON-HUNT et al. <br><br> Defendants. | Civil Action No. PJM 06 CV 0655 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO AMEND THE SCHEDULING ORDER, JOINING THE MOTION IN PART**

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar") responds to the Joint Motion of Defendant Laser Marketing, Inc. d/b/a Atkinson Hunt ("Atkinson Hunt"), and Defendant Resource Realty of Southern New Jersey, and joins it in part as follows:

1.  On March 13, 2006, CoStar filed this Action (the "Action") asserting claims for (1) Breach of Contract by Defendants, (2) fraud by Defendants, (3) Unauthorized Access to a Protected Computer by Atkinson Hunt under the Computer Fraud & Abuse Act by Atkinson Hunt, (4) tortious interference with contract and prospective business relationship by Atkinson Hunt, and (5) violation of New Jersey State Code Section 2A:38A-3 by Atkinson Hunt. The claims alleged in the Complaint arise out of the unauthorized access and use of CoStar's proprietary subscription-only commercial real estate information services.

2. Defendants each filed motions to dismiss and/or transfer this Action, which this Court substantially denied.[1] Shortly after the hearing on Defendants' motions, on August 29, 2006, the Court issued its Scheduling Order in this case.

3. Within weeks of the formal opening of discovery, CoStar served each of the Defendants with interrogatories and document production requests. To date, however, none of those discovery requests have been answered despite CoStar's counsel's numerous telephonic conferences with each of the Defendants' counsel and correspondence.

4. CoStar also retained an expert witness and timely served an initial Rule 26(a)(2) disclosure upon Defendants. As noted in that disclosure, CoStar requires additional information from Defendants in order to determine whether additional expert testimony will be necessary in this case.

5. To date, Defendants have served no discovery requests on CoStar and have made no Rule 25(a)(2) disclosures.

6. Defendants correctly recognize that, in the event CoStar prevails in this litigation it is entitled to its attorneys' fees and expenses.[2] CoStar has made significant efforts to attempt to minimize the fees it incurs in this litigation by attempting to resolve the on-going discovery dispute without resorting to filing motions in this Court. CoStar is also engaging in on-going settlement discussions with each of Defendants' counsel.

---

[1] The Court ordered that CoStar's fraud claims must be pleaded with greater particularity and granted CoStar leave to file an amended Complaint. CoStar timely did so.

[2] Defendants incorrectly suggest that attorneys fee recovery is the only significant measure of damage in this case. CoStar has alleged in the Complaint that Defendants each profited by using data obtained from CoStar proprietary databases and caused other injuries, the amount of which will be determined in this litigation.

2

7. Recognizing that Defendant Atkinson Hunt's counsel's trial schedule, as well as the upcoming end-of year holidays and vacations, the parties will be unable to complete discovery in January, CoStar joins Defendants' request to extend the discovery cut-off the discovery cut-off deadline, the deadline for requests for admission and the deadline for dispositive motions, so that CoStar can obtain the outstanding discovery responses and take the depositions of witnesses identified by those responses.[3] CoStar does not object to the remaining schedule proposed by Defendants, so long as this Court orders Defendants to respond to the outstanding discovery requests no later than Friday, December 29, 2006, if this case is not settled by that date.

Respectfully submitted,

_____
Hugh J. Marbury (Fed. Bar No. 24653)
DLA Piper US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410)580-3000
(410) 580-3001 (facsimile)

Keith Medansky
Alan S. Dalinka
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1263
(312) 368-4000
(312)-236-7516 (facsimile)

Attorneys for Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc.

---

[3] Because the Court ordered that no Rule 26(a)(1) disclosures were required in this case, CoStar is not yet aware of all of the witnesses known to Defendants.