CoStar Realty Information, Inc. et al v. Atkinson Hunt et al                                                                Doc. 54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| COSTAR REALTY INFORMATION and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ATKINSON-HUNT et al. <br><br> Defendants. | Civil Action No. PJM 06 CV 0655 |

**STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS ATKINSON-HUNT AND RESOURCE REALTY OF SOUTHERN NEW JERSEY AND [PROPOSED] ORDER**

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc. (collectively, "CoStar"), Defendant Laser Marketing, Inc. d/b/a Atkinson Hunt ("Atkinson Hunt"), and Defendant Resource Realty of Southern New Jersey ("Resource Realty"), hereby stipulate as follows:

A.   On March 13, 2006, CoStar filed this Action (the "Action") asserting claims for (1) Breach of Contract by Defendants, (2) Fraud by Defendants, (3) Unauthorized Access to a Protected Computer by Atkinson Hunt under the Computer Fraud & Abuse Act by Atkinson Hunt, (4) Tortious interference with contract and prospective business relationship by Atkinson Hunt, and (5) Violation of New Jersey State Code Section 2A:38A-3 by Atkinson Hunt. Defendants answered and denied CoStar's allegations.

B.   The claims asserted by CoStar in this Action are alleged to have arisen out of the unauthorized access and use of CoStar's proprietary subscription-only commercial real estate

1

information services. In particular, this lawsuit arises out of the following facts alleged by CoStar:

1. Authorized access to CoStar's subscription information services is limited to those users who gain access pursuant to written license agreement (the "License Agreement") between the business they work for and CoStar. The License Agreement, among other terms and conditions, identifies a specified number of designated licensed users ("Authorized Users"), who work for the subscriber.

2. Once a business executes a license agreement with CoStar, each of its Authorized Users is provided with a user identification, password and, if applicable, electronic key token (collectively, "Passcodes"), which allows the user Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An Authorized User must input a valid passcode at the "Subscriber Login" Area (now referred to as the "Customer Login Area") to gain authorized access to CoStar's restricted access information services for which they are licensed. The Subscriber Login Area contains prominent notices advising the user that login and use of the service is subject to CoStar's terms of use ("Terms of Use").

3. Atkinson Hunt, a firm that provides marketing leads, has never been a licensed CoStar subscriber. In the summer of 2004, Atkinson Hunt expressed interest in a possible license on a test-period basis, but CoStar decided it was not comfortable licensing its proprietary services to Atkinson Hunt on a test-period basis, and chose not to do business with the firm.

4. Later in the summer of 2004, Resource Realty, a then-existing CoStar subscriber, upgraded the services it received from CoStar. Resource Realty claims that the version of the contract signed by Resource Realty listed David Atkinson as a user and further claims that CoStar returned that license to Resource Realty with David Atkinson's name deleted, did not

bring the change to Resource Realty's attention, and Resource Realty claims it was not aware of the change to that licensing agreement. Following the upgrade, Resource Realty provided David Atkinson with the CoStar Passcodes assigned to another approved user of Resource Realty, a person using the name Lawrence Wilson. Atkinson Hunt claims it was not aware that David Atkinson's name had been deleted by CoStar.

5. Over the next few months, the CoStar Passcodes assigned to a person using the name Lawrence Wilson were used repeatedly by one or more representatives of Atkinson Hunt, from the offices of Atkinson Hunt, to download significant portions of the proprietary CoStar services licensed to Resource Realty for inclusion within one or more internal databases and for use in connection with Atkinson Hunt's business. Once CoStar became suspicious, CoStar engaged in communications with Resource Realty, which did not inform CoStar about who had really been using its proprietary services and for what purposes. Upon learning of CoStar's concern, Resource Realty requested that CoStar turn off the access key of the person using the name Lawrence Wilson.

6. Sharing of CoStar Passcodes is strictly prohibited by the online Terms of Use as well as the written License Agreement, including the license agreement entered into between CoStar and Resource Realty of Southern New Jersey. The same is true with respect to downloading content from the CoStar service into an internal database, and sublicensing access to the service to third parties. As a result, unable to resolve this dispute with the Defendants, CoStar filed the instant action.

7. Before answering, Defendants each filed motions to dismiss and/or transfer this Action, which this Court rejected and denied. CoStar and Defendants have now agreed to settle this Action and have entered into a formal written Settlement Agreement and Mutual Release,

the terms of which include that, among other things, Defendants consent to the entry of a Permanent Injunction/Consent Judgment in the form set forth below.

NOW THEREFORE, DEFENDANTS CONSENT AND AGREE THAT, Defendants, along with each of its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED** and restrained from:

1. Obtaining, accessing, using, reproducing, distributing, creating derivative works from, or displaying, whether directly or indirectly, any CoStar database service or any portion thereof, without first obtaining written authorization from an officer of CoStar (Defendant Resource Realty's use pursuant to the terms of a valid written License Agreement will be deemed authorized by a CoStar officer), provided, however, that defendants may continue to access, possess, and use publicly available data from sources other than CoStar, including, but not limited to, First American Real Estate Data, InfoUSA, Dun & Bradstreet, Dunhill, W-3 Data, Contractors Blue Book, Superpages and Experion, even though that same data may also be in a CoStar database;

2. Obtaining or using any Passcodes for use of any CoStar database service or any portion thereof for any purpose, without first obtaining written authorization from an officer of CoStar (Defendant Resource Realty's use pursuant to the terms of a valid written License Agreement will be deemed authorized by a CoStar officer);

3. Interfering by intentionally or unjustifiably inducing a CoStar licensee to breach a contract pertaining to use and access of CoStar's database service or interfering by disparaging CoStar to any licensee or prospective licensee; and

4. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

DEFENDANTS FURTHER CONSENT AND AGREE THAT, DEFENDANTS (a) have permanently deleted and destroyed, or within ten (10) business days will permanently delete and destroy, all elements of any CoStar database service under its control, regardless whether in print or electronic form, including all information derived from use of any CoStar database service, and (b) shall collectively pay to CoStar the total sum of one-hundred thousand dollars ($100,000),.

The Parties irrevocably consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and the Settlement Agreement. The Parties agree not to domesticate or file this judgment, and/or any lien arising from this Order or the Agreement, with any Court other than the United States District Court for the District of Maryland, unless necessary to compel a party to adhere to the terms of this Order or the Agreement. If a party fails to abide by the terms of this Order or the Agreement, then a judgment or lien may be entered or domesticated within another jurisdiction only against the breaching party. Any breach of this Order or the Agreement by one of the Parties will not be construed as a breach of settlement as to the remaining Parties, will not entitle any Party to damages or costs from a non-breaching Party, will not negate any Party's obligations to continue to perform under this Order or the Agreement, and this Order and the Agreements shall remain in full force and effect as to all non-breaching Parties.

IT IS SO STIPULATED.

By the Parties:

COSTAR REALTY INFORMATION, INC.

_____ Dated: 7/5/07

Signed By: _____COLEMAN_____ (printed or typed)
           GENERAL COUNSEL
Its: _____ (title)


COSTAR GROUP, INC.

_____ Dated: 7/5/07

Signed By: __JONATHAN COLEMAN__ (printed or typed)
           GENERAL COUNSEL
Its: _____ (title)


LASER MARKETING, INC. D/B/A ATKINSON HUNT

_____ Dated:_____

Signed By: _____ (printed or typed)

Its: _____ (title)


RESOURCE REALTY OF SOUTHERN NEW JERSEY

_____ Dated:_____

Signed By: _____ (printed or typed)

Its: _____ (title)

_____ Dated:_____

Signed By: _____(printed or typed)

Its:_____(title)

COSTAR GROUP, INC.

_____ Dated:_____

Signed By: _____(printed or typed)

Its:_____(title)

LASER MARKETING, INC. D/B/A ATKINSON HUNT

*[signature]* Dated: 7/08/07

Signed By: *David R Atkinson* (printed or typed)

Its: *Pres - Scet* (title)

RESOURCE REALTY OF SOUTHERN NEW JERSEY

_____ Dated:_____

Signed By: _____(printed or typed)

Its:_____(title)

_____ Dated: _____

Signed By: _____ (printed or typed)

Its: _____ (title)


**COSTAR GROUP, INC.**

_____ Dated: _____

Signed By: _____ (printed or typed)

Its: _____ (title)


**LASER MARKETING, INC. D/B/A ATKINSON HUNT**

_____ Dated: _____

Signed By: _____ (printed or typed)

Its: _____ (title)


**RESOURCE REALTY OF SOUTHERN NEW JERSEY**

/s/ James R. Davis _____ Dated: 7/12/07

Signed By: James R. Davis (printed or typed)

Its: President (title)

6

## ORDER

Upon the parties stipulation and for the good cause shown therein, the Court hereby enters this Final Judgment and Permanent Injunction in favor of Plaintiffs and permanently enjoins and restrains Defendants along with each of its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them as set forth above. This case is terminated, however, as a condition of the entry of this Order, the Court shall retain jurisdiction over these parties and this dispute for the purpose of enforcing this Order and the parties' Settlement Agreement.

**IT IS SO ORDERED.**

DATED: 9/4/07

_____
UNITED STATES DISTRICT JUDGE